STATE ᴇx ʀᴇʟ. BRESNAHAN, Rᴇʟᴀᴛᴏʀ *v.* DISTRICT COURT
ᴏꜰ CASCADE COUNTY, ᴇᴛ ᴀʟ. Rᴇꜱᴘᴏɴᴅᴇɴᴛ.
No. 9349.
Submitted November 4, 1953. Decided December 2, 1953.
263 Pac. (2d) 968.

Mr. Justice Freebourn and Bottomly dissented.

Emmett C. Angland, Great Falls, for relator.

Arnold H. Olsen, Attorney General, Hubert J. Massman, Asst. Attorney General, Ted James, County Attorney, Great Falls, for respondent.

Mr. Angland, Mr. Massman and Mr. James argued orally.

MR. JUSTICE ANDERSON:

This is an original application seeking a writ of prohibition against the respondents, the district court of Cascade County and the Hon. C. F. Holt, a district judge thereof, challenging the jurisdiction of the respondent district court to try the relator on an information therein filed charging the relator with having committed a criminal offense to-wit, an attempt to commit rape. Relator seeks an order commanding the respondents to vacate a certain order overruling relator's motion to quash the information against him and setting a day for defendant's trial in said district court on such information. An alternative writ issued and on the return day the cause was argued and submitted. It is admitted that Daniel Bresnahan was over 18 years of age at the time the alleged act is charged to have been committed.

Petitioner sought the order to quash and set aside the informa-

tion on the theory that he was under the age of 21 years and therefore the juvenile court, as distinguished from the district court, has exclusive jurisdiction concerning the offense or any offense committed by a person under 21 years of age. Chapter 6, secs. 10-601 to 10-633, R. C. M. 1947, being the law having to do with juvenile courts and juvenile delinquents, is the authority given for the position taken by petitioner and particularly those provisions fixing and determining the jurisdiction of the juvenile courts.

R. C. M. 1947, sec. 10-603, reads in part as follows:

"Jurisdiction. The district courts of the several counties of this state shall have jurisdiction in all cases coming within the terms and provisions of this act. It is provided that the district court shall be called the juvenile court when acting under the juvenile courts laws.

"The juvenile court shall have exclusive original jurisdiction in proceedings: (a) concerning any child who is delinquent;

"(b) concerning any person under twenty-one (21) years of age *charged with having violated any law of the state,* other than those laws relating to the commission of or attempt to commit the criminal offenses mentioned in subdivision (2) (a) of section 10-602, or [see below] any person charged with having violated any ordinance of any city or town, *prior to having become eighteen years of age* * * *." Emphasis supplied.

Petitioner contends that the use of the disjunctive conjunction "or" in section 10-603, subdivision (b), supra, separates and denotes an alternative, and that which appears in the clause following cannot modify that which precedes the disjunctive conjunction "or".

Petitioner cites State ex rel. Peck v. Anderson, 92 Mont. 298, 13 Pac. (2d) 231, as authority for this point. However, it is our view that this case is clearly authority for the opposite view when considered in the light of the entire juvenile statutes as we now find them.

"The rule of grammatical construction is merely an aid in interpretation, and if the text of the statute indicates a

legislative intention contrary to that which would follow from the application of the rules of grammar, then the rule of grammatical construction must give way * * *.'' State v. Centennial Brewing Co., 55 Mont. 500, 179 Pac. 296, 298.

The early criminal law did not differentiate between the adult and the minor who had reached the age of criminal responsibility. The fundamental thought in our early criminal jurisprudence was not reformation of the criminals, but punishment; and this applied to children as well as to adults. Today, however, the child is taken in hand by the state, not as an enemy, but as a protector, as the ultimate guardian, because either the unwillingness or the inability of the natural parents to guide him toward good citizenship has compelled the intervention of the public authorities.

R. C. M. 1947, sec. 10-602, provides among other things: ''The word 'child' means a person less than eighteen years of age. The word 'adult' means a person eighteen years of age or older.''

It is the child to which the Act above referred to is primarily applicable and the one with whom the juvenile courts and authorities are ordinarily concerned. When such person arrives at the age of eighteen he is an adult and under the criminal laws of this state is subject to the same rules of society as is any other adult no matter what his age may be. Exceptions found in the Act are those regarding the person between eighteen and twenty-one and such exceptions have to do with detention of such person and trial of such person if the offense for which he or she is charged occurred prior to the time he or she reached the age of eighteen.

Wisely the legislature provided that if any person between the age of eighteen and twenty-one is *charged* with a crime allegedly committed before he was eighteen, then the juvenile court shall have jurisdiction of such a cause, but it would be folly to supply the intent to the legislation to conform with the theory propounded by the petitioner.

Section 10-603, supra, found its origin in sec. 3, Chapter 227, Laws of 1943, where it is provided that juvenile courts shall have

exclusive jurisdiction: "Concerning any person under twenty-one years of age within the county charged with having violated any law of the state or any ordinance of any city or town, prior to having become eighteen years of age". It cannot be denied that the language, here used, referred to persons under twenty-one charged with a crime committed by said person *prior to the time he or she became eighteen.*

The history of the Act, the Act itself, and the rules of construction, as laid down by our predecessors, leave us but one thing to do. The writ is denied and the proceeding is dismissed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY, (dissents.)

MR. JUSTICE FREEBOURN: (dissenting).

I see nothing in the majority opinion that constitutes a good reason why this court should ignore the plain meaning of the words of R. C. M. 1947, sec. 10-603, which are: "The juvenile court shall have exclusive original jurisdiction in proceedings: * * * (b) concerning any person under twenty-one (21) years of age charged with having violated any law of the state, other than those laws relating to the commission of or attempt to commit the criminal offenses mentioned in subdivision (2) (a) of section 10-602 * * *."

Subdivision (2) (b) of section 10-602 has no application to rape, but directs "a child over the age of sixteen (16) years who commits or attempts to commit murder, manslaughter, assault in the first degree, robbery, first or second degree burglary while having in his possession a deadly weapon, and carrying a deadly weapon or weapons with intent to assault * * * shall be prosecuted in the criminal courts * * *."

All of the crimes mentioned in said subdivision (2) (b) are crimes which show a criminal mind in the "child over the age of sixteen (16) years", who commits them. Undoubtedly the reason why the lawmakers did not include rape or attempted

rape when committed by "a child over the age of sixteen" in subdivision (2) (b) is because such crime springs, not from a criminal mind, but from the natural makeup of the human being especially the male. The sex urge in man is not of his making but was instilled by the Creator of All Things. Because of this natural inclination few men have lived their lives without at some time therein, especially in the teen years, having been guilty of rape, attempted rape or other sex offense as the law views it.

Neither do I see any reason to delve into the grammar to determine the meaning of the words: "The juvenile court shall have exclusive original jurisdiction in proceedings: * * * (b) concerning any person under twenty-one (21) years of age charged with having violated any law of the state," subdivision (2) (a) excepted. These words speak for themselves and need no interpretation.

Nor am I impressed by the majority opinion which, in order to lend apparent reasonableness to the conclusion reached, gives R. C. M. 1947, sec. 10-603, subd. (b) a meaning not justified. It is made to appear in the opinion that subdivision (b) means: The juvenile court shall have exclusive jurisdiction in proceedings concerning any person under twenty-one years of age charged with having violated any law of the state, prior to having become eighteen years of age. What such statute and subdivision says is: "The juvenile court shall have exclusive original jurisdiction in proceedings: * * * concerning * * * any person charged with having violated any ordinance of any city or town, prior to having become eighteen years of age * * *."

The fact that R. C. M. 1947, sec. 10-602, defines an "adult" as a "person eighteen years of age or older" does not add any strength to the majority opinion for section 10-603 says the juvenile court shall have "exclusive original jurisdiction in proceedings" concerning not a child or an adult, but concerning "any person under twenty-one (21) years of age charged with having violated any law of the state * * *" with specific exceptions.

316

The law as pertains to persons under 21 years of age is contradictory to say the least. Under section 10-602 a person over 18 years of age is an adult; yet a person under 21 years of age is deemed an infant when he sues or is sued in our courts, and can only come into court with a guardian. Such a person is denied the right to vote, while on the other hand he is handed a gun and told to protect us by fighting an enemy on foreign shores, while we, who sit in judgment of him, rest at home in the safety he provides. He may not have a glass of beer until he is 21; and until he is 21, while at home, his parent can collect his wages if he is working. He may rescind his contracts, yet marry and bear all responsibilities thereof.

Under the majority opinion extreme injustice may result. Should two boys, one 17 years and 364 days old (under 18) and one 17 years and 367 days old (over 18) commit rape, the difference of three days in their ages sends one to the state school until he is 21 years of age, unless sooner paroled, while the other boy, older by three days, may be sent to the state penitentiary for a term of up to 99 years and be branded as an ex-convict for the remainder of his life.

I believe the writ should issue which would result in all of the boys, involved in the offense charged, receiving the same consideration and punishment.