STATE EX REL. PETERSON, Appellant, v. COUNTY COURT OF CLARK COUNTY and others, Respondents.

*February 8—March 7, 1961.*

For the appellant there were briefs by *Willis E. Donley* and *Robert F. Muza,* and oral argument by *D. J. Donley Muza,* all of Menomonie.

For the respondents the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Wayne W. Trimberger,* district attorney of Clark county.

BROADFOOT, J.  It is the contention of the appellant that ch. 167, Laws of 1959, is mandatory and that in effect it repealed other provisions of the statutes providing for the selection of juries in justice courts. The circuit court, as the basis for its order, held that said chapter provided only an optional method, particularly since there was no showing that any request had been made by the sheriff to the jury commissioners to furnish him with a list of names of persons available for jury duty.

The respondents, represented by the attorney general and the district attorney of Clark county, contend that relief by

way of a writ of prohibition was not and is not available to the appellant. Several cases are cited in support of this contention. In response thereto the appellant cites some cases that he interprets as justifying relief in his case by means of a writ of prohibition directed to the county court and the county judge of Clark county.

In *State ex rel. Kiekhaefer v. Anderson,* 4 Wis. (2d) 485, 90 N. W. (2d) 790, we had occasion to discuss the circumstances under which a circuit court, under its superintending power, could and should grant a writ of prohibition directed to a so-called inferior court. The parties are familiar with the *Kiekhaefer Case* and we do not deem it necessary to quote extensively therefrom. To others interested in the subject we recommend a reading of the excellent opinion by Mr. Justice CURRIE. We there held that prohibition will not lie where there is an adequate remedy by appeal. In case the appellant is convicted in county court he will be entitled to appeal to the circuit court for Clark county, where he will be entitled to a trial *de novo.* Thus he will have an adequate remedy by appeal and is not entitled to the writ of prohibition. Therefore, the order of the circuit court quashing the alternative writ of prohibition must be affirmed.

Probably no more need be said. However, in order to avoid any unnecessary appeals in the future we deem it advisable to state that the trial court was correct and that sec. 255.04 (2) (c), Stats., does not operate in the absence of a request by the sheriff to the jury commissioners.

Sec. 960.12, Stats., provides for the selection of a jury in criminal matters in justice court and in the present instance there was compliance with that section. In civil matters in justice court there are other provisions for the selection of jurors provided by secs. 302.05 to 302.10, inclusive. Ch. 167, Laws of 1959, did not specifically provide for the repeal of these sections and it is fundamental that implied repeals are not favored and an earlier act will be con-

sidered to remain in force if the same may be construed in harmony with the later one. This principle is well established. For authorities see *Union Cemetery v. Milwaukee,* post, p. 64, 108 N. W. (2d) 180.

*By the Court.*—Order affirmed.