STATE EX REL. MITCHELL, Police Justice of the Peace, Appellant, v. SUPERIOR COURT OF DANE COUNTY and another, Respondents.

*May 4—June 6, 1961.*

For the appellant there was a brief by *Robert C. Buehner,* attorney of the village of Monona, attorney, and *Immell, Herro, Buehner & DeWitt* of counsel, and oral argument by *Aubrey R. Fowler, Jr.,* and *Jack R. DeWitt,* all of Madison.

For the respondents there was a brief by *Milo G. Flaten* and *Aberg, Bell, Blake & Metzner,* all of Madison, and oral argument by *Mr. Flaten.*

BROADFOOT, J. There is a conflict between the provisions of secs. 62.24 (2) (a) and 61.305, Stats., on the one hand and sec. 301.245, under which the demand for transfer of the actions was made. The 1959 statutes are applicable.

Sec. 62.24, Stats., provides generally that the common council of any city may provide for the election of a police justice of the peace, and provides that he shall have the exclusive jurisdiction of offenses against ordinances of the city. Sec. 61.305 provides that the village board of any village may create the office of police justice of the peace in the manner provided by sec. 62.24 and thereupon such court shall have the same jurisdiction with respect to village ordinances as for city ordinances under sec. 62.24. Sec. 301.245 provides generally that the defendant in any action brought in justice court may, on the return day of the process, transfer the cause to certain other courts therein named, including superior courts of said county, upon payment of a fee of $1.

The relator contends that secs. 62.24 and 61.305, Stats., being specific statutes, prevail over a general statute. That is one recognized rule for statutory construction. The respondents, on the other hand, contend that sec. 301.245 was passed long after the provisions relied upon by the relator. The respondents cite another rule of statutory construction, that where two statutes by their terms conflict, the later statute prevails over the earlier. The circuit court so held.

This court has been called upon to construe statutes many times. In so doing we have stated that a controlling factor is the intent of the legislature, and that to determine the legislative intent is the first goal of a court in resolving an issue of statutory interpretation. *Safe Way Motor Coach Co. v. Two Rivers,* 256 Wis. 35, 39 N. W. (2d) 847; *Heidersdorf v. State,* 5 Wis. (2d) 120, 92 N. W. (2d) 217.

We have concluded that it was the intent of the legislature to provide that all civil actions, including those for violations of village or city ordinances, are to be transferred to one of the courts named in sec. 301.245, Stats., upon proper request and the payment of the required fee. The language employed by the legislature is all-inclusive. It provides that any action brought in justice court shall be transferred at the option of the defendant. Only one class of justices of the peace is provided for in our constitution. The words "justice court" therein necessarily include police justice courts. The courts named in the last-mentioned section, with few exceptions, are presided over by judges who are attorneys; they have established courtrooms; and in most instances they have clerks and reporters. The legislative, as well as the judicial, branch of the state government has been seeking to improve the administration of justice. It is apparent to us that the legislature intended to further this purpose in providing for the transfer of all civil actions to one of the specified courts. In the rural areas where such courts are not available the police justice courts established by the cities or villages will still have exclusive jurisdiction of city and village-ordinance violations as against other justices of the peace. The statutes, although apparently in conflict, are not irreconcilable, and our interpretation leaves all of the statutes in effect.

The second contention of the relator is that by the issuance of the writ of mandamus the superior court of Dane county was exercising supervisory control over the police

justice of the peace of the village of Monona which was beyond the power of the court. The relator is entirely correct in this contention. The power to exercise superintending or supervisory control over inferior courts is given by sec. 3, art. VII, Const., to the supreme court, and by sec. 8, art. VII thereof to circuit courts. The superior court of Dane county has no power to exercise superintending control over any other court. However, it does not follow that the circuit court for Dane county committed error in failing to grant the writ of prohibition. The writ of prohibition is an extraordinary remedy. *State ex rel. Kowaleski v. District Court,* 254 Wis. 363, 36 N. W. (2d) 419. Ordinarily such a writ should be issued only to prevent an inferior court from exercising jurisdiction in a case where it should not be exercised or assumed. *State ex rel. Distenfeld v. Neelen,* 255 Wis. 214, 38 N. W. (2d) 703. Nor should a writ of prohibition be issued if there is an adequate remedy by way of appeal, except where great hardship would result. No such hardship is indicated here. *State ex rel. Kiekhaefer v. Anderson,* 4 Wis. (2d) 485, 90 N. W. (2d) 790; *State ex rel. Peterson v. County Court,* 13 Wis. (2d) 37, 108 N. W. (2d) 146. The relator had an adequate remedy by an appeal from the order of the superior court of Dane county making the writ of mandamus absolute. When the circuit court determined, as we have, that the transfer of the actions was required under the provisions of sec. 301.245, Stats., and that the superior court of Dane county had jurisdiction to try the actions when transferred, there was no compelling reason for the issuance of the writ of prohibition. Certainly we can find no abuse of discretion on the part of the circuit court in refusing to issue it.

*By the Court.*—Order affirmed.