STATE EX REL. KOOPMAN, Respondent, v. COUNTY COURT
BRANCH NO. 1 and BRANCH NO. 2 (Judges), OF
WAUKESHA COUNTY, Appellants.*

*February 28—April 9, 1968.*

* Motion for rehearing denied, without costs, on June 4, 1968.

494

For the appellants the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

For the respondent there was a brief by *Richard B. McConnell,* attorney, and *Eugene N. Johnson* of counsel, both of Waukesha, and oral argument by *Mr. Johnson.*

HANLEY, J. Defendant made application for the writ of prohibition in order to determine whether criminal proceedings could be instituted against him because he was over the age of eighteen at the time of his arrest, notwithstanding that he was under eighteen at the time of the alleged offenses. The state contends, however, that

this issue cannot be reached because no basis has been established for the issuance of the writ.

The court is here faced with the traditional use of the writ of prohibition, which has been to keep an inferior court from acting outside its jurisdiction when there was no adequate remedy by appeal or otherwise. *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 143 N. W. 2d 437; *State ex rel. Mitchell v. Superior Court* (1961), 14 Wis. 2d 77, 109 N. W. 2d 522; *State ex rel. Peterson v. County Court* (1961), 13 Wis. 2d 37, 108 N. W. 2d 146; *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 90 N. W. 2d 790. In the case at bar, if relator is found to be within the jurisdiction of the juvenile court, he will be entitled to a determination by the juvenile court judge on the question whether or not to waive jurisdiction. Sec. 48.18 (1), Stats. The juvenile court's jurisdiction would be founded on sec. 48.12 (1). If waiver is refused, the juvenile court under the provisions of sec. 48.19 may direct that a petition be filed in accordance with sec. 48.20 or may determine that neither the interests of the public nor of the child require that a petition be filed and thereupon ". . . may defer further proceedings on the condition that the child appear with his parent, guardian or legal custodian for counseling and advice or that the child abide by such obligations imposed upon him with respect to his future conduct as the court deems necessary or advisable to insure the child's protection, correction or rehabilitation. . . ." If a petition is filed, a hearing is held under the provisions of sec. 48.25. The general public is excluded from juvenile court hearings, and according to sec. 48.26 (1) peace officers' records of children are kept separate from records of persons eighteen or older and shall not be open to inspection or their contents disclosed except by order of the court. Nor may newspapers reveal the identity of the child involved.

The privacy surrounding juvenile proceedings is not present in criminal proceedings. We believe that if relator is within the jurisdiction of the juvenile court, appeal from a judgment entered after he is tried criminally will not be an adequate remedy, for the proceedings will have been irretrievably public.

The state argues that before prohibition will lie on the ground that jurisdiction is lacking, the court must have actually ruled in a manner that exceeded its jurisdiction. See 73 C. J. S., *Prohibition*, pp. 71, 72, sec. 13. In *State ex rel. White v. District Court* (1952), 262 Wis. 139, 54 N. W. 2d 189, the court had before it the question whether a criminal court had jurisdiction over relator by reason of the issuance of a warrant and the setting of a date for preliminary hearing at the time the juvenile court assumed jurisdiction and entered its judgment. At that time sec. 48.01 (5) (am), Stats., provided the criminal courts had concurrent jurisdiction with juvenile courts in all cases of delinquent children over sixteen years of age. Relator was seventeen when the acts complained of were committed and seventeen when the juvenile court entered its judgment. The court stated as follows, at page 149:

"In the case at bar a preliminary hearing has not been held or waived; therefore, an information cannot be presented. Sec. 355.18 [presently sec. 955.18], Stats. If an information cannot yet be presented, the general jurisdiction of the municipal court has not attached to the offense with which the relator is charged."

The state also contends that the writ cannot be viewed as being directed to the magistrate because by its terms it is directed to the Waukesha County Court, branch No. 1 and branch No. 2; and a magistrate is not a court. *State v. Koopman, supra.* We think these contentions cannot prevail, although the title of the proceedings only includes county court, branch No. 1, and county court, branch No. 2, of Waukesha county. The alternative writ

of prohibition is directed to the judges of branch No. 1 and branch No. 2 of the county court. The return to the alternative writ contains an allegation "that it is within the power and jurisdiction of DAVID L. DANCEY, Judge of the County Court, Branch I of Waukesha County, Wisconsin to hold a preliminary examination in said criminal matter." The writ of prohibition was intended to prohibit County Judge DAVID L. DANCEY from proceeding with the hearing of the preliminary examination as a magistrate.

We think the writ of prohibition was properly directed to DAVID L. DANCEY as magistrate and the merits of the principal issue must be considered.

The circuit court has superintending control over magistrates when properly invoked. *State ex rel. Klinkiewicz v. Duffy* (1967), 35 Wis. 2d 369, 151 N. W. 2d 63.

It is well settled that the juvenile court is a creature of the statutes. *In re Johnson* (1921), 173 Wis. 571, 181 N. W. 741; *State v. Scholl* (1918), 167 Wis. 504, 167 N. W. 830. This being so, the statutes must be resorted to in order to determine its jurisdiction. The statutes expressly grant the juvenile court jurisdiction over delinquent, dependent, and neglected children and over the termination of parental rights. Secs. 48.12, 48.13, and 48.14, Stats. If relator is within the jurisdiction of the juvenile court, it is because he is delinquent under sec. 48.12, for the claim is that he violated a state law.

Sec. 48.12, Stats., so far as material, reads as follows:

"The juvenile court has exclusive jurisdiction except as provided in ss. 48.17 and 48.18 over any child who is alleged to be delinquent because:

"(1) He has violated any state law or any county, town, or municipal ordinance; . . ."

"Child" is defined by sec. 48.02 (3), to be "a person under 18 years of age."

Respondent contends that the Children's Code is capable of being understood to mean either that age at time of the violation or age at the time legal proceedings are commenced is determinative of the jurisdictional question. The argument then is because the Children's Code is both remedial and procedural, it should be construed liberally to effectuate its avowed purposes, which appear in sec. 48.01, Stats. This would mean that the code should be construed to include the widest class possible.

We do not think that the Children's Code is remedial in the sense that remedial statutes are to be construed liberally. While the code is not punitive, it can hardly be said to provide a remedy for a wrong; nor can the statute section setting forth the jurisdiction of the court be found to be procedural. Literally construed, the statute excludes the class of persons over eighteen at the time of the allegation of delinquency. For the term "child" is qualified by the clause "who is alleged to be delinquent," thus setting up two requisites before jurisdiction will attach. There are certain difficulties inherent in this question which make us reluctant to go beyond the literal construction. They were noted by the court in *State v. Fowler* (Del. Super. Ct. 1963), 194 Atl. 2d 558, 561:

"Preliminarily, I note that it seems impossible to arrive at a jurisdictional result which wholly reconciles two pertinent propositions. First, one who has committed a crime as a child should be punished as a child. Fowler did what he did when he was legally a child; so, it can be argued with persuasion that he should not be prosecuted and punished (if convicted) as an adult. Hence, jurisdiction should be in the Family Court. But, on the other hand, an adult should not be given a child's punishment. Fowler, at age twenty-seven, can hardly in fact be said to be a 'delinquent child' and he should not be prosecuted as if he were. Hence, jurisdiction should be in the Superior Court."

The courts of various jurisdictions have ruled differently, depending upon the applicable statutes. See the annotation at Annot. 89 A. L. R. 2d 506. Jurisdictions holding that the time of the offense governs typically have statutes to that effect. *See United States v. Jones* (D. C. Va. 1956), 141 Fed. Supp. 641; *State ex rel. Bresnahan v. District Court* (1953), 127 Mont. 310, 263 Pac. 2d 968; *Johnson v. State* (1955), 18 N. J. 422, 114 Atl. 2d 1; *State v. Dubray* (1926), 121 Kan. 886, 250 Pac. 316, and *State ex rel. Slatton v. Boles* (1963), 147 W. Va. 674, 130 S. E. 2d 192. In *State v. Fowler, supra,* the court was faced with the construction of the following statute:

"The Family Court shall have exclusive original jurisdiction in all proceedings in New Castle County . . .

". . .

"(2) Concerning any child residing or found in New Castle County charged with having violated any law of this State or any charter, ordinance or regulation of a subdivision thereof; . . ." 10 Del. C. sec. 951 (2).

The court held that "child" and "charge" must be read together and concluded that in order for the family court to have jurisdiction of a child, he must be charged while still a child.

We believe that a similar construction of our statute is the only one feasible under its provisions. Wisconsin law expresses no age below which a person cannot be held to have committed a crime. Juveniles who are sixteen or over can be tried in the criminal court upon a waiver of jurisdiction by the juvenile court. Sec. 48.18, Stats. Then, too, it is difficult to understand that jurisdiction can be invoked by an act—the commission of an offense in violation of the statutes or local ordinances—which may or may not come to the court's attention at a later date.

Clearly, the juvenile court would not have jurisdiction over persons who may be dependent or neglected but have

reached the age of eighteen years before their status was called to the attention of the court.

We conclude that the writ of prohibition should not have been issued for the reason that the criminal court has jurisdiction to proceed against the defendant Kenneth Koopman.

*By the Court.*—Order reversed and cause remanded with directions to enter a writ of consultation authorizing DAVID L. DANCEY, as magistrate, to proceed with the preliminary examination of the defendant.

WILKIE, J. (*dissenting*). I would affirm the trial court's order making the writ of prohibition absolute.

The majority concludes that the pertinent statute (sec. 48.12), giving the juvenile court exclusive jurisdiction over any "child who is alleged to be delinquent," is ambiguous. I agree. But the majority's statutory construction turns on its holding that the phrase "who is alleged to be delinquent" qualifies the word "child" and therefore concludes that whether or not the juvenile court has exclusive jurisdiction depends on whether the child is over eighteen when he is "alleged to be delinquent" even when the fact is that the child was under eighteen at the time the offense was actually committed. Such a construction is contrary to the basic purpose of the Children's Code, which clearly contemplates special proceedings under special juvenile courts for persons considered to be children, which proceedings are wholly different from regular criminal proceedings for those who are no longer juveniles. No one would quarrel with the proposition that the statute of limitations runs from the time the offense is committed, or that determination of venue rests with the "county where the violation occurred," [1] or that all defenses, including insanity, are based on circumstances at the time of the misconduct. It stands to reason that the question of whether the whole matter should be treated as a juvenile or criminal

[1] Sec. 48.16, Stats.

proceeding should also be based on the facts as they existed at the time the alleged act was committed.

The child welfare committee that spent years drafting the Children's Code, recommended in 1955, through the Legislative Council, "that there be an orderly statutory procedure for determining which children should go before juvenile court and which should go before criminal court." [2] It proposed "that all children under 18 go first into juvenile court where, if the child is 16 or older, the court may order the case transferred to criminal court either because the interest of the public or the best interest of the child requires that the criminal court deal with the case." [3] The Children's Code, as adopted in 1955, clearly intended to drop the previous system under which juvenile courts and criminal courts had concurrent jurisdiction over all delinquent children of sixteen to eighteen. The code provided that proceedings on any children between the ages of sixteen to eighteen be commenced in the juvenile court and gave that court the power to waive jurisdiction under proper circumstances. In recommending the new system, the legislative report objected to the old system on the grounds that: "The decision regarding the court into which a particular youngster is taken may be made by any official who handles the case before the court hearing—the arresting officer, the sheriff, the district attorney." [4]

In my opinion, the majority opinion will frustrate the declared intention of the Children's Code, *i.e.*, the promotion of the best interests of the children of Wisconsin, by permitting prosecutors, alerted to the commission of an alleged offense by an individual while under the age of eighteen, to delay filing charges against the alleged offender until after he has reached eighteen.

---

[2] Report of Wisconsin Legislative Council, Vol. VI, Part I, *Conclusions and Recommendations of the Child Welfare Committee,* March, 1955, at page 26.

[3] *Id.*

[4] *Id.* at pages 25, 26.

In its opinion, the majority does not give a liberal construction to sec. 48.12, Stats., contrary to the express provisions of sec. 48.01 (3).[5]

Where the public interest requires, when an individual, although a child over sixteen but under eighteen when an alleged offense is committed, is over eighteen when charged or proceeded against, the juvenile court may waive jurisdiction to the criminal court. I think the overall interests of the public, both in effective administration of criminal justice and in the administration of the entire Children's Code, will be better served by having the juvenile court pass on the question of whether jurisdiction should be waived and thus have that court determine the entire matter, as the legislature intended, of whether proceedings should be handled as a juvenile or criminal matter and that court can better make its decision on the basis of the individual's age at the time he committed the act.

---

[5] *See* sec. 48.01 (3), Stats. "CONSTRUCTION. This chapter shall be liberally construed to effect the objectives in sub. (2). The best interests of the child shall always be of paramount consideration, but the court shall also consider the interest of the parents or guardian of the child and the interest of the public."