WILLIAM F. BOCK, Corporation Counsel Racine County
Your predecessor requested my opinion of the applicability of secs. 300.05, 300.055 and 345.315, Stats., with regard to the transfer of traffic cases from municipal court to the county court. He asked whether sec. 345.315 (4), Stats., controls all requests by defendants for transfers of traffic matters from municipal court to county court. In my opinion, it supersedes the provisions of sec. 300.05, Stats., but not of sec. 300.055, Stats.
Section 300.05, Stats., provides:
 "(1) Any party may file an affidavit stating that he believes that he cannot have a fair trial because of the prejudice of the justice, naming him. The affidavit shall be filed not later than 7 days after the return day of the process. Upon filing the affidavit, the filing party shall forthwith mail a copy to each party in the action. *Page 65 
 "(2) Upon receipt of the affidavit, accompanied by a fee of $4, the justice shall call in another justice of the county where the offense occurred or transfer the case to the county court of the county where the offense occurred. A justice so called in shall receive compensation as the governing body determines, to be paid by the municipality.
 "(3) If the case is transferred to county court, the justice shall transmit to the clerk of the county court all the papers in the action and $3 as payment of the clerk's fee and suit tax. The action shall proceed as if it had been commenced in the county court.
 "(4) No party is entitled to file more than one affidavit of prejudice in any one action."
Section 300.055, Stats., provides:
 "In counties having a population of less than 500,000, the defendant in municipal court may, at any time prior to trial, transfer the cause to the county court of said county. Upon receipt of such a request, accompanied by a fee of $1, the justice shall forthwith transmit all the papers in the cause to the clerk of said court."
Section 345.315, Stats., as amended by ch. 218, Laws of 1973, provides:
 "(1) In traffic regulation cases a person charged with a violation may file a written request for a substitution of a new judge or justice for the judge or justice assigned to the trial of that case. The written request shall be filed not later than 7 days after the return date of the citation. Upon filing the written request, the alleged violator shall forthwith serve a copy thereof on each party to the action.
 "(2) Not more than one judge or justice can be disqualified in any action. All defendants must join in any request to substitute a judge or justice.
 "(3) In a court of record in counties having 3 or more county judges the clerk shall reassign any case transferred by virtue of the substitution of a judge as provided herein. The county board of judges shall make rules for such assignment. All other cases shall be assigned as provided in s. 251.182. *Page 66 
 "(4) In municipal court, upon receipt of the written request accompanied by a fee of $4, the justice shall transfer the case to another justice or to the county court of the county where the offense occurred. Upon transfer, the justice shall transmit to the appropriate court all the papers in the action and the action shall proceed as if it had been commenced therein."
Section 345.20 (2), Stats., provides:
 "(2) Procedure. The apprehension of alleged violators of traffic regulations and the trial of forfeiture actions for the violation of traffic regulations shall be governed by ss. 345.21 to 345.53. Where no specific procedure is provided in ss. 345.21 to 345.53, ch. 299 shall apply."
It is my opinion that where no specific procedure is provided in ss. 345.21 to 345.53, Stats., or in ch. 299, Stats., and where the Legislature has provided an express procedure in ch. 300, Stats., such as the right to a change of courts as contrasted with a substitution of judges, the express procedure provided in ch. 300, Stats., may be applicable even where violations of traffic regulations are involved. Both sec. 345.315 and sec. 299.205, Stats., are primarily concerned with change of judge, although application under sec. 345.315 (4), Stats., may result in transfer to county court. Whereas sec. 300.05, Stats., is primarily concerned with substitution of judge, although transfer to county court may result, sec. 300.055, Stats., is concerned with the right of a defendant to transfer his case from municipal court to county court.
I will divide my discussion into two parts, one dealing with the relationship of sec. 345.315 to sec. 300.05 and the other with the relationship of sec. 345.315 to sec. 300.055.
Both secs. 300.05 and 345.315, Stats., are concerned with the right of a defendant to have his case tried before a different justice or judge. Both provide that if the case is in municipal court, the justice may reassign the case to another justice of such court or to a judge of the county court, provided the defendant has made a timely request and paid a fee of $4.00. Under these statutes the action may be transferred to the county court, but the primary purpose of both statutes is to allow for substitution of a judge or justice.
By contrast, sec. 300.055, Stats., is primarily concerned with the right of the defendant to transfer the cause to the county court. The *Page 67 
differences between the county and municipal courts reveal the value of such right.
The county court is a court of record (sec. 253.01, Stats.). The judge is required to be a lawyer (sec. 253.055, Stats.). However, the municipal court is not of record (sec. 254.01, Stats.), nor is the judge necessarily a lawyer. The municipal court has a more limited jurisdiction than a county court. Compare the jurisdiction provisions for a county court (secs.253.10-13, Stats.), with that of a municipal court (sec. 254.045, Stats.). Finally, sec. 345.50, Stats., provides for different procedures for review of judgments from the county court and the municipal court. Appeals [from both courts] shall be to the circuit court for the county. On appeal from municipal court, the defendant is entitled to a trial de novo and to a jury trial, on request. On appeal from county court the circuit court has power similar to that of the supreme court under ch. 274 to review and to affirm, reverse, remand or modify the judgment appealed from.
The supreme court has reconciled two statutes similar to secs.345.315 and 300.055. In State ex rel. Mitchell v. Superior Court,14 Wis.2d 77, 80, 109 N.W.2d 522 (1961), the court construed secs. 62.24 (2)(a), 61.305, Stats. (1959), which provided that a police justice of the peace shall have exclusive jurisdiction of ordinances of a municipality, and sec. 301.245, Stats. (1959), which provided that the defendant in any action brought in justice court may, on the return day of the process, transfer the cause to certain other courts named, including superior courts of the county which were courts of record, upon payment of a fee of $1. The court stated:
 "We have concluded that it was the intent of the legislature to provide that all civil actions, including those for violations of village or city ordinances, are to be transferred to one of the courts named in sec. 301.245, Stats., upon proper request and the payment of the required fee. The language employed by the legislature is all-inclusive. It provides that any action brought in justice court shall be transferred at the option of the defendant. Only one class of justices of the peace is provided for in our constitution. The words `justice court' therein necessarily include police justice courts. The courts named in the last mentioned section, with few exceptions. are presided over by judges who are attorneys; they have established courtrooms; and in most instances they have clerks and reporters. The legislative, *Page 68 
as well as the judicial, branch of the state government has been seeking to improve the administration of justice. It is apparent to us that the legislature intended to further this purpose in providing for the transfer of all civil actions to one of the specified courts. In the rural areas where such courts are not available the police justice courts established by the cities or villages will still have exclusive jurisdiction of city and village ordinance violations as against other justices of the peace. The statutes, although apparently in conflict, are not irreconcilable, and our interpretation leaves all of the statutes in effect."
In my opinion the reasoning of the court in Mitchell is applicable to the reconciliation of secs. 345.315 and 300.055, Stats., and thus, sec. 345.315 does not supersede sec. 300.055. It is my opinion that the Legislature did not intend to override the important right of a defendant in a traffic case to transfer from a municipal court to the county court.
Your predecessor also pointed out that there is some difficulty with the provision in sec. 300.055 which provides that a transfer may be requested "at any time prior to trial." You inquire whether municipal judges may require defendants to pay witness fees and clerk's fees as a condition to last minute transfers. In my opinion, such transfers are a matter of right upon request and payment of the $1.00 fee. The statute does not permit imposition of other conditions.
BCL:RJV