STATE, Plaintiff in error, v. AVERY, Defendant in error.

*No. 76–615–CR.  Submitted July 11, 1977.—*
*Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 63.)

For defendant in error: *Howard B. Eisenberg,* state public defender, *Richard M. Sals,* assistant state public defender.

For plaintiff in error: *Bronson C. La Follette,* attorney general, and *William L. Gansner,* assistant attorney general.

BEILFUSS, C. J.   The state has moved for summary reversal of the order appealed from, which dismissed a criminal complaint charging the defendant with aiding and abetting delivery of heroin, contrary to secs. 161.41 (1) (a),   161.14 (3) (k)   and   939.05 (2) (b),   Stats.   The

public defender has moved for summary affirmance of the order. Because both sides agree to a summary disposition, it will be made in this case. The state has also moved to amend the writ of error to show the correct date of entry of the judgment appealed from. The public defender does not oppose this motion and it is granted. The question for decision on the merits is whether a defendant may be recharged as an adult, after a first criminal complaint charging an adult offense has been dismissed because the defendant was under 18 when the first complaint was filed. Holding the affirmative, so long as the state is able to show that prosecution was commenced with due dispatch after the alleged offense, we reverse and remand for an evidentiary hearing.

On March 11, 1977, a complaint charging the defendant with aiding and abetting the delivery of heroin was filed with Brown County Court Commissioner Donald Miller, who issued a warrant for the arrest of the defendant. The arrest warrant was executed on March 12, which was the defendant's eighteenth birthday. On March 17, the defendant moved to dismiss the complaint for want of subject matter jurisdiction, producing a birth certificate to show that she was under 18 when the complaint was filed. The complaint was dismissed, because under sec. 968.02(2), Stats., the filing of the complaint commences the action, and that at the time the action was commenced the juvenile court had exclusive jurisdiction under sec. 48.12(1), juvenile jurisdiction not having been waived.

After the March 11 complaint was dismissed, the Brown County district attorney refiled on March 17. A motion was made to dismiss this complaint on March 23, on the ground that the action was still subject to the exclusive jurisdiction of the juvenile court. The trial court orally granted this motion on March 28. However, the

order was not reduced to writing and filed of record until April 6.

The writ of error issued in this case identifies the order appealed from as having been entered on March 28, 1977. In fact, this was the date of granting, not the date of entry.[1] In *Atkinson v. Chicago & N. W. Ry. Co.,* 69 Wis. 362, 34 N. W. 63 (1887), the notice of appeal from a judgment stated that the date of entry was December 21, 1885. This was erroneous, because the record contained a judgment entered on December 17, 1885. The court held that the appeal should be dismissed, because it was justified in considering only the judgment appealed from, and no such judgment was contained in the record. By ch. 219, Laws of 1915, the legislature created what is now sec. 807.07, Stats.[2] Under this statute, if an appeal was attempted in good faith, this court may allow any defect or omission in the appeal papers to be supplied. In *Barneveld State Bank v. Petersen,* 68 Wis.2d 26, 227 N.W.2d 690 (1975), we reviewed cases holding that, in supplying a defect or omission in the appeal papers, this court cannot assert personal jurisdiction over a party who has made a timely and meritorious objection. An objection was not made in this case, and, indeed, any objection was waived by participation when the public defender moved for summary affirmance.[3]

Sec. 817.11(4), Stats.[4] provides that the right of appeal exists from the time of entry of an appealable order or judgment. The procedural requirements relating to service and content of a notice of appeal or writ of error are declared to relate to personal jurisdiction rather than subject matter jurisdiction. If there were a statutory

---

[1] See: secs. 807.11 and 806.06, Stats.

[2] Formerly sec. 269.51, Stats. of 1973.

[3] *See:* sec. 807.07(1), Stats.; *Barneveld State Bank v. Petersen, supra.*

[4] Formerly sec. 274.11(4), Stats. of 1973.

requirement that the notice of appeal or writ of error set forth the date of entry of the decree appealed from, the date would be a prerequisite to the exercise by this court of personal jurisdiction over a respondent or defendant in error. The court could not allow correction of such a mistake in date. However, there is no requirement that the date of entry be set forth in the appeal papers. It is done as a matter of practice and is a good practice to follow, but it is not required. All that is necessary is that the judgment or order be sufficiently identified that there can be no doubt what is appealed from. In this case there can be no doubt that the order appealed from is the one granted on March 28, 1977 and entered of record on April 6. Having subject matter jurisdiction of the appeal, and having the power to supply a defect or omission in the appeal papers, we grant the motion to amend the writ of error to show April 6, as the date of entry of the order appealed from.

The state relies on *State v. Becker*, 74 Wis.2d 675, 247 N.W.2d 495 (1976), in its motion for summary reversal. In *Becker* it was held that before an adult defendant could be tried for an offense committed before he was 18, no juvenile proceedings having been instituted, the state was required to show at a due-process hearing that the prosecution was not delayed manipulatively so as to avoid the juvenile justice system. This due-process hearing was to be held before the criminal court, not the juvenile court. We also held that it was affirmatively shown there was no manipulation, when the reason the defendant was charged after becoming 18 was that there was an ongoing drug investigation which was not concluded until subsequent to his eighteenth birthday, and he was charged at the same time as all others implicated in the investigation.

In the instant case the district attorney offered to prove that there had been no intentional delay in charging the defendant. He represented that the reason for

the delay was an ongoing drug investigation. The offense in this case was allegedly committed on November 22, 1976. According to the district attorney, the ongoing investigation resulted in the charging of 11 other people.

The trial judge ruled that the state was under an affirmative duty to ascertain the defendant's age at the time the original complaint was filed. If that had been done, the complaint could have been filed in juvenile court and a waiver sought. Failing that procedure, the judge held that a subsequent complaint could not confer jurisdiction over the subject matter. This ruling was in error, because the first complaint was not the only one which could confer subject matter jurisdiction. Each complaint commenced a separate prosecution and each prosecution should stand on its own legs. The determination of no subject matter jurisdiction was not *res judicata,* because in Wisconsin it is the date of commencing the action rather than the date of the alleged criminal act which determines whether there is juvenile jurisdiction. *State v. Becker, supra.* Moreover, if the state had filed a complaint in juvenile court on March 11, there would have been no time to hold a juvenile waiver hearing. The defendant became 18 the next day and the juvenile court would have lost jurisdiction.

In *State v. Becker,* we followed the holding in *Miller v. Quatsoe,* 348 F. Supp. 764 (E.D. Wis. 1972), that a child who has committed an offense while under the age of 18 can only be charged in an adult criminal court when it is determined after a hearing that prosecution was initiated with due dispatch. If the state, without prejudice to its investigation, could have commenced proceedings in this case earlier than March 11, it may well be that the defendant was prejudiced by the state's failure to do so. Even if there was no manipulative intent, a negligent

failure to bring the charge promptly would have deprived the defendant of her opportunity to oppose a waiver of juvenile jurisdiction. Therefore, this case must be remanded with directions to hold an evidentiary due-process hearing for the purpose of determining whether, in bringing the charge against the defendant, the prosecutor acted with due dispatch after the investigation was concluded. In making this determination, no significance is to be accorded the period between March 12 and March 17.

*By the Court.*—The writ of error is amended to show April 6, rather than March 28, as the date of entry of the order appealed from. The order is reversed and the cause is remanded for proceedings consistent with the opinion.