100 Wis.2d 363 (1981)
302 N.W.2d 64
IN the MATTER OF D.V., a Person Under the Age of 18:
D.V., Appellant,
v.
STATE of Wisconsin, Respondent.
No. 80-305.
Court of Appeals of Wisconsin.
Submitted on briefs December 17, 1980.
Decided January 27, 1981.
*364 For the appellant, the cause was submitted on the brief of Margadette M. Demet of Demet & Demet, S.C., of Milwaukee.
For the respondent, the cause was submitted on the brief of Bronson C. La Follette, attorney general, and Sally L. Wellman, assistant attorney general.
Before Decker, C.J., Moser, P.J., and Cannon, J.
DECKER, C.J.
A twelve-year old juvenile, D.V., in a petition for the determination of the status of an alleged delinquent child, was alleged, as a party to the crime, to have taken property from another by using force against the other while armed with a dangerous weapon with intent to overcome the owner's resistance, contrary to secs. 943.32(1) (a) and 939.05, Stats. The alleged offense occurred when D.V. was eleven years old. The petition was filed about four weeks after the alleged offense and one week after D.V.'s twelfth birthday. Relying upon secs. 48.12 and 48.13(12), D.V. moved to dismiss the petition contending that the trial court was without jurisdiction because the alleged offense occurred when D.V. was eleven. The trial court denied the motion to dismiss and we granted leave to appeal and a hearing by a three-judge panel. We affirm.
Although D.V. makes six separate claims, we view them as involving issues of jurisdiction, denial of due process and equal protection, and manipulative delay in filing the petition.

JURISDICTION
D.V. contends that the trial court had no jurisdiction pursuant to sec. 48.12, Stats., but had exclusive jurisdiction pursuant to sec. 48.13(12). Those statutes provide: *365 48.12 Jurisdiction over children alleged to be delinquent. The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent because he or she has violated any federal or state criminal law.
. . . .
48.13 Jurisdiction over children alleged to be in need of protection or services. The court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and: . . . .
(12) Who, being under 12 years of age, has committed a delinquent act as defined in s. 48.12.
[1]
The alleged robbery was committed on September 26, 1979. D.V. became 12 years old on October 17, 1979. The status petition in this case was filed on October 23, 1979. The dispositive determination is whether the filing date of the petition or the date of the offense determines the jurisdiction of the juvenile court pursuant to secs. 48.12 or 48.13(12), Stats.[1]
[2]
In State ex rel. Koopman v. County Court Branch #1, 38 Wis.2d 492, 497-500, 157 N.W.2d 623, 626-27 (1968), our supreme court interpreted then sec. 48.12, Stats., to afford exclusive jurisdiction to the juvenile court only if the proceedings were brought before the offender's eighteenth birthday. Thus, the date of the alleged offense was not controlling. Although that opinion was expressed by the supreme court more than twelve years ago, the legislature has not enacted a specific statute expressly providing that juvenile jurisdiction is to be determined by the date of the alleged offense, although sec. 48.12 *366 and other sections of the Children's Code have been subject to innumerable legislative amendments. We follow the Wisconsin rule that "[t]he legislature is presumed to know that in the absence of its changing the law, the construction put upon it by the court will remain unchanged . . . ." State v. Hungerford, 84 Wis.2d 236, 251, 267 N.W.2d 258, 266 (1978).
As our supreme court noted in State ex rel. Koopman, courts that have held that the time of offense governs jurisdiction have been controlled by statutes to that effect. State ex rel. Koopman, supra, at 499, 157 N.W.2d at 627. Section 48.12, Stats., states that the juvenile court has exclusive jurisdiction over any child age twelve or older who is alleged to be delinquent. By its terms, the statute addresses the age of the child at the time of the delinquency allegation, not the age of the child at the time of the offense. In this respect sec. 48.12 does not differ from its predecessor, which was adjudicated in State ex rel. Koopman.
When State ex rel. Koopman was decided, there was no section of the Children's Code comparable to sec. 48.13 (12), Stats., because until the 1978 revision of the Children's Code, delinquency proceedings were not restricted to children aged twelve or older. As in sec. 48.12, sec. 48.13(12) states that the juvenile court has exclusive jurisdiction over a child under twelve years of age who is alleged to be in need of protection and services because of the commission of a delinquent act. The reference in the latter statutory section likewise refers to the child's age at the time of allegation, not age at the time the act is committed.
[3]
A juvenile court, and its jurisdiction, is defined and limited by the statutes, State ex rel. Koopman, supra, at 497, 157 N.W.2d at 626, with exclusive jurisdiction over delinquent children and children in need of protection *367 and services. The division between those jurisdictional categories in the case of alleged delinquent acts is age twelve of the child.
Another jurisdictional division point is provided in this provision of the Children's Code:
48.18 Jurisdiction for criminal proceedings for children 16 or older; waiver hearing. (1) If a child is alleged to have violated a state criminal law on or after his or her 16th birthday, the child or district attorney may apply to the court to waive its jurisdiction under this chapter. The judge may initiate a petition for waiver if the judge disqualifies himself or herself from any future proceedings on the case.
Exclusively of jurisdiction of the juvenile court may be waived after age sixteen. However, in this instance the legislature has specified that age at the time of the offense is determinative of the point of division of jurisdiction.[2] The legislature could have so provided in secs. 48.12 and 48.13(12), Stats., had it intended to prescribe age at the time of the offense as the jurisdictional point of division.
[4]
The trial court correctly interpreted the statute.

DUE PROCESS AND EQUAL PROTECTION
In State v. Becker, 74 Wis.2d 675, 677, 247 N.W.2d 495, 496 (1976), our supreme court concluded that a child who has committed an offense while under the age of eighteen can only be charged in an adult criminal court (after he becomes eighteen) if the criminal court conducts a due process hearing and determines that the delay was not occasioned by a deliberate effort to avoid *368 juvenile court jurisdiction. In arriving at that conclusion, the court adopted and followed the holding in Miller v. Quatsoe, 348 F Supp 764, 765 (E.D. Wis. 1972), that such a conclusion "was dictated by the substantial differences between juvenile and adult procedures and penalties and the important resulting interest of a juvenile in being treated as a juvenile rather than an adult."
Our supreme court in State v. Avery, 80 Wis.2d 305, 310-11, 259 N.W.2d 63, 65 (1977), expanded the requirement of such a due process hearing to a negligent failure of the prosecutor to promptly bring the criminal charge even if there was no manipulative intent to avoid juvenile court jurisdiction.
D. V. contends that such a due process evidentiary hearing is required where the alleged delinquent act is committed before the juvenile is twelve and the delinquency petition is filed on or after his twelfth birthday.
D. V. concedes that disposition in this case will be pursuant to the Children's Code and within the exclusive jurisdiction of the juvenile court, irrespective of the charging delay. Without specifying the "substantial differences" and the "important resulting interest" between a delinquency disposition pursuant to sec. 48.34, Stats., or protection or services disposition pursuant to sec. 48.345, D. V. merely claims constitutional safeguards are applicable when delay results in use of the delinquency proceeding instead of the protection or services proceeding.
The state contends that the differences between adult criminal prosecutions and juvenile delinquency proceedings are much more substantial than differences between a juvenile delinquency proceeding and a juvenile proceeding affecting a child alleged to be in need of protection or services which can be ordered by the juvenile court. We agree.
*369 Our review of the Children's Code in ch. 48, Stats., demonstrates that the proceedings under either sec. 48.12 or 48.13(12), are alike in the following respects:
(1) the same hearing is provided a child held in custody, sec. 48.21(2);
(2) the intake procedures are the same, secs. 48.24 and 48.243;
(3) the informal disposition procedures are the same, sec. 48.245;
(4) either proceeding may be commenced by the district attorney, sec. 48.25(1);
(5) the same allegations are to be made in the petition, sec. 48.255(1);
(6) the same summons and notice are applicable, sec. 48.27;
(7) the same liability of a parent for contributions to the cost of court services is provided, sec. 48.275;
(8) the same substitutions of judge provisions are applicable, sec. 48.29;
(9) the same discovery provisions are applicable, sec. 48.293;
(10) the same pretrial motions raising defenses, objections, and evidence suppression are provided, secs. 48.297(2) and (3);
(11) the same plea hearing and the same pleas are provided, secs. 48.30(1) and (4);
(12) the same method of contested or uncontested disposition is applicable, secs. 48.30(6), (7) and (8);
(13) the same beyond a reasonable doubt standard of proof is applicable, sec. 48.31(1);
(14) a consent decree is applicable, sec. 48.32;
(15) court reports on disposition are the same, sec. 48.33;
(16) the dispositional hearing is the same, sec. 48.335;
(17) the least restrictive disposition is to be made by the court, sec. 48.355(1);
*370 (18) the duration of the order is the same period, sec. 48.355(4);
(19) the revisions and extensions of the court's order are made in the same manner, secs. 48.363 and 48.365;
(20) the rehearing provisions are the same, sec. 48.46;
(21) the appeal rights are the same, sec. 48.47;
(22) the right to discharge from control is the same, sec. 48.53(1); and
(23) the confidentiality of records is the same, sec. 48.78.
In contrast to the many ways in which the proceedings are alike, there are a few differences. The majority of those differences are catalogued in sec. 48.345, Stats., as six limitations upon dispositional alternatives if the proceeding is pursuant to sec. 48.13(12):
(1) custody of a child cannot be transferred to a sub-unit of the department administering corrections, sec. 48.345(1);
(2) the court may not order restitution, sec. 48.345 (2);
(3) the court may not order payment of a forfeiture, sec. 48.345(3);
(4) driving privileges of the child may not be restricted, suspended, or revoked, sec. 48.345(4);
(5) the court may not place a child in certain institutions unless the court finds the child to be developmentally disabled, mentally ill, or have exceptional educational needs, sec. 48.345(5); and
(6) the court may not order the child to participate in a supervised work program.
The likelihood of a court ordering restitution, payment of a forfeiture, or participation in a supervised work program for a child who has just become twelve years of age is remote. Such a child would have no driving privileges. Placement in a specialized treatment institution for the developmentally disabled or mentally ill is no more likely for a child under twelve than over twelve.
*371 [5]
Although a proceeding pursuant to sec. 48.13(12), Stats., cannot result in transfer of a child to a subunit of the department of corrections, such a proceeding does not afford to the child the obligatory right to counsel as does a proceeding under sec. 48.12. We do not believe the minimal differences in the proceedings constitute the kind of "substantial differences" that implicate the equal protection and due process procedural protections of an evidentiary hearing with respect to a twenty-seven day delay in charging D. V. pursuant to sec. 48.12.

MANIPULATIVE DELAY
We have already noted that Becker and Avery required a due process evidentiary hearing to determine when delay in charging was for the purpose of avoiding juvenile jurisdiction or the negligent prosecutorial failure to promptly charge a juvenile which accomplished the same purpose.
The requirements of Becker and Avery are not applicable to this case. Nonetheless, we note that the trial court expressly found that the twenty-seven day delay was "well within" the ordinary or average period of delay in the juvenile court where he was presiding.
By the Court.  Order affirmed.
NOTES
[1] We deal with subject matter jurisdiction. D.V. has not alleged a want of personal jurisdiction. Any such claim would have been waived by making a personal appearance and submitting to the court's jurisdiction. Gibson v. State, 47 Wis.2d 810, 815, 177 N.W.2d 912, 914 (1970).
[2] The amendment to specify the division point of jurisdiction as the time of the offense was enacted by sec. 31, ch. 354, Laws of 1977, effective November 17, 1978.