IN the INTEREST OF S.N., a Person under the age of 18: S.N., Appellant,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 86–2195. Submitted on briefs February 16, 1987.—Decided April 15, 1987.*

(Also reported in 407 N.W.2d 562.)

On behalf of the appellant the cause was submitted on the briefs of *James E. Fitzgerald* of *Lucareli, Newman, Ungemach & Fitzgerald* of Kenosha.

On behalf of the respondent the cause was submitted on the briefs of *Robert D. Zapf,* district attorney of Kenosha county and *Frank J. Parise,* assistant district attorney of Kenosha county and *Donald J. Hanaway,* attorney general and *Sally L. Wellman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.  S.N's petition for leave to appeal the juvenile court's nonfinal order waiving its juvenile jurisdiction is granted.[1] The major issue on appeal is whether *In re J.V.R.*, 127 Wis. 2d 192, 378 N.W.2d 266 (1985), precluded the juvenile court from considering a waiver investigation report containing information not included in the waiver petition. Holding that *J.V.R.* does not prohibit admission of such evidence and that when notice requirements are met it is desirable that the juvenile court base its waiver determination on the fullest information available, we affirm. We further reject S.N.'s contentions that a psychological examination was necessary and that the passage of fifty-two days before the waiver decision was reached violated his due process rights.

A delinquency petition was filed on September 22, 1986, alleging that S.N., then seventeen years old, had violated secs. 161.41(3m) and 946.41(1), Stats. (possession of a controlled substance and obstructing an officer). A second petition was filed on September 25, 1986, alleging violations of secs. 943.10(1)(a) and 946.41(1), Stats. (burglary and resisting an officer). A petition for waiver of juvenile jurisdiction was filed in connection with each delinquency petition. S.N. contested the waiver petitions.

A waiver hearing commenced on October 8, 1986 and, after a partial hearing, was adjourned to October 9. On that date, the state called as a witness Gary Kapitan, a social worker with the Kenosha County

[1]This case was ordered by the chief judge to be decided by a three-judge panel pursuant to sec. 809.41, Stats.

Department of Social Services, who had prepared a waiver investigation report on S.N. for the court. After initial questions calling only for information also contained in the waiver petitions, the court indicated that it was already familiar with Kapitan's report and, not wishing to hear merely repetitive testimony, would accept the entire report. S.N. then objected, contending that: (1) the state was required to give notice in the waiver petitions of all facts it intended to rely on; (2) much of the information contained in the report went beyond the facts alleged in the waiver petitions; and (3) those portions of the report, therefore, were not admissible. In support, S.N. cited *J.V.R.* After additional adjournments for further argument on the issue, the court overruled S.N.'s objection and on November 14, 1986 issued its waiver decision.

We first address whether the *J.V.R.* case controls under the circumstances of this case. In *J.V.R.,* the supreme court held that a waiver petition which cited only the allegations of the delinquency petition, rather than facts going to the criteria for waiver set out in sec. 48.18(5), Stats., was inadequate. The requirement of sec. 48.18(2) that a waiver petition contain a "brief statement of the facts supporting the request for waiver" meant, the court held, that the petition must identify the facts upon which the state would rely in seeking to have the juvenile tried as an adult. *J.V.R.,* 127 Wis. 2d at 200, 378 N.W.2d at 269–70. The court stated:

> Section 48.18(2), operates to provide the juvenile with notice of the facts upon which the state will rely in seeking waiver so that the juvenile can focus his defense on the relevant factors from sec. 48.18(5). A waiver petition which merely refers to

> the factors contained in sec. 48.18(5) will not suffice. The waiver petition must briefly state the facts the state will offer at the hearing.

*Id.* at 201–02, 378 N.W.2d at 270.

The waiver petitions in the present case are not alleged to be deficient under *J. V.R.*[2] This case thus presents the question of whether the court may consider information or materials which go beyond the facts contained in a *sufficient* waiver petition. We conclude that *J. V.R.* did not address this question and therefore cannot be held to exclude such materials.

We turn, then, to the question of whether the statutes or due process constraints limit the court's consideration of additional facts.

■

Section 48.18(5), Stats., states:

> If prosecutive merit is found, the judge, after taking relevant testimony which the district attorney shall present *and considering other relevant evidence,* shall base its decision whether to waive jurisdiction on the following criteria[.] [Emphasis added.]

---

[2]The petitions assert, in support of waiver, facts falling into three of the four criteria of sec. 48.18(5), Stats., the criterion of subsec. (d) being evidently inapplicable to the proceedings. The petitions make reference to the seriousness of the charged offenses; S.N.'s prior record, of which the petitions ask the juvenile court to take judicial notice; S.N.'s proximity to age eighteen, as relevant to the insufficiency of time available for effective treatment within the juvenile justice system; the fact that S.N. was absent without leave from an Illinois juvenile facility, and was thus the subject of a warrant for apprehension and/or detention, at the time of the alleged offenses; and the alleged previous exhaustion of the least restrictive alternatives.

274

The statute expressly provides that the court is to consider relevant evidence in addition to that presented by the state. The statute on its face does not provide that such additional evidence may only be presented by the juvenile, nor do we discern any legislative intent to so limit the source of such evidence. The supreme court has in fact stressed the juvenile court's duty to independently determine whether waiver is appropriate, rather than deferring to the state's or the juvenile's request for waiver or to either party's acquiescence in the other party's request. *In re T.R.B.,* 109 Wis. 2d 179, 196–97, 325 N.W.2d 329, 337 (1982). The supreme court has also held, regarding the applicability of the rules of evidence to waiver hearings, that the juvenile court may inform itself regarding facts and circumstances bearing on waiver "in any manner it deems suitably reliable," subject to the juvenile's rights to notice and to contest or supplement the information. *In re D.H.,* 76 Wis. 2d 286, 303, 251 N.W.2d 196, 205 (1977). Furthermore, we stated in *In re T.M.J.,* 110 Wis. 2d 7, 14, 327 N.W.2d 198, 202 (Ct. App. 1982), that materials relating to the juvenile's personality and past history are discoverable before a waiver hearing because the court *must* consider these factors in deciding whether to waive jurisdiction.

We conclude that the Children's Code does not prohibit the juvenile court from using independent information relevant to waiver, such as the county department of social services' waiver investigation report admitted in the present case. The juvenile court's function of protecting the child and the public through its decision on waiver, *see* sec. 48.18(6), Stats., is, indeed, best served when the court has access to the fullest information possible.

We stress, however, that due process requires that the juvenile receive reasonable notice regarding reports or records to be considered by the court in reaching its waiver determination. *See D.H.*, 76 Wis. 2d at 297, 251 N.W.2d at 202. Here, S.N. does not contend that he was unaware of the contents of the waiver investigation report prior to the hearing but rather contends that the *state* did not give him notice of the facts in its petition. The record reflects that defense counsel was given a copy of the report at the same time copies were provided to the court and district attorney. This constitutes adequate notice to S.N. under the facts of this case.

S.N. does complain that the report is dominated by hearsay and lacks sufficient demonstrable circumstantial guarantees of trustworthiness to justify its admission. *See* sec. 48.299(4)(b), Stats. The record fails to show that S.N. objected to the report's admission on this ground or asked the court to determine the reliability of the evidence, *see D.H.*, 76 Wis. 2d at 301, 251 N.W.2d at 204; the issue has therefore been waived. *See State v. Holt*, 128 Wis. 2d 110, 124, 382 N.W.2d 679, 686 (Ct. App. 1985).

S.N. next contends that the juvenile court erred in not ordering that S.N. receive a psychological examination, pursuant to its discretionary power under sec. 48.295(1), Stats. S.N. argues that the court relied on hearsay in the social worker's report and testimony concerning S.N.'s history of psychological problems and attempts at treatment and concluded from this inadequate evidence that little realistic potential existed for response to future treatment efforts in the juvenile system.

Again, the record does not reflect a contemporaneous challenge to the reliability of the evidence concerning S.N.'s psychological and treatment history. In addition, the purpose of ordering an examination is "in order that the child's physical, psychological, mental or developmental condition may be considered." Sec. 48.295(1), Stats. The court had information concerning these factors and S.N., in failing to contend that the information before the court lacked reliability, provided no reason for the court to order an independent examination. Therefore, no abuse of discretion appears in the court's failure to order such an examination. *See T.M.J.,* 110 Wis. 2d at 20, 327 N.W.2d at 205.

S.N.'s final claim is that, particularly in light of the proximity of his eighteenth birthday (February 4, 1987) to these proceedings, the passage of fifty-two days from the date of the first petition until the court reached its decision regarding waiver deprived him of his due process rights. Such a delay, he argues, made waiver more likely because the time available for treatment within the juvenile system was decreased.

It appears that at least one of the several adjournments was due to the unavailability of defense counsel. Further, while prompt resolution of waiver is desirable, there is no indication that the waiver proceedings here were unreasonably delayed or that the adjournments were the result of negligence or were deliberate attempts to make waiver more likely. *Cf. State v. Becker,* 74 Wis. 2d 675, 677, 247 N.W.2d 495, 496 (1976), and *State v. Avery,* 80 Wis. 2d 305, 310–11, 259 N.W.2d 63, 65 (1977). We cannot conclude

that the delays in this case were so prejudicial to S.N. that reversal is warranted.

*By the Court.*—Order affirmed.