ANN WALSH BRADLEY, J. (concurring).
¶ 56 I agree with the court of appeals that "[w]ithout question, *551 the law did not clearly provide that Sanders could not be prosecuted for criminal sexual acts he was alleged to have committed prior to age ten." State v. Sanders, 2017 WI App 22, ¶ 29, 375 Wis. 2d 248, 895 N.W.2d 41. Neither the legislature nor the courts have addressed this specific issue.
¶ 57 As we have previously stated, "failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services outside the wide range of professionally competent assistance sufficient to satisfy the Sixth Amendment." State v. Lemberger, 2017 WI 39, ¶ 33, 374 Wis. 2d 617, 893 N.W.2d 232 (internal quotations omitted). Accordingly, I concur in the mandate because the issue of whether an adult defendant may be charged in adult court for offenses committed as an eight or nine-year-old was not sufficiently settled in Wisconsin law.
¶ 58 I write separately, however, to address the majority's resolution of this unsettled question. Sanders argues that the legislature intended ten years to be the minimum age for criminal conduct such that a person cannot be subsequently criminally charged as an adult for conduct committed before his tenth birthday. The jury's response was consistent with Sanders' argument when it determined that Sanders was not guilty of allegedly criminal acts engaged in while age eight or nine.
¶ 59 The majority, nonetheless, interprets the statutory scheme differently. It concludes that the legislature intends that criminal liability attaches to conduct engaged in by children under the age of 10, regardless of whether it is age 4 or 5, 8 or 9, or any other single digit number. Yet, the majority is unable to *552 point to the specific language in the statutory scheme that sets forth such a legislative intent.
¶ 60 From its faulty analysis, the majority divines a legislative intent from no language at all. In the area where the legislature has spoken about a child's capacity-negligence-it has indicated that a child under seven is "conclusively presumed" to be incapable of negligence.[1] How can the majority square its asserted legislative intent here where the legislature has not spoken with the explicit legislative intent expressed in Wis. Stat. § 891.44 ? It cannot.
¶ 61 I determine that it is absurd to conclude the legislature intended that criminal liability can attach for acts engaged in by children ages zero-ten. The majority's conclusion to the contrary defies the purpose and structure of our statutes, as well as the rationale of prior case law.
*32 I
¶ 62 Sanders, now an adult, was charged with repeated sexual assault of the same child for acts committed against his sister when he was eight or nine years old, as well as three other offenses. The district attorney brought the charges in adult criminal court.
¶ 63 The majority determines that the adult criminal court had competency to proceed, despite the fact that Sanders was only eight or nine years old at the time of the alleged conduct. Majority op., ¶ 18. In the majority's view, "[t]he defendant's age at the time he was charged, not his age at the time he committed the underlying conduct, determines whether the circuit court has statutory competency to hear his case as *553 a criminal, juvenile delinquency, or JIPS matter." Id., ¶55. Further, the majority concludes that this was a point of settled law. Id., ¶31 (citing State v. Annala, 168 Wis. 2d 453, 484 N.W.2d 138 (1992) ; State ex rel. Koopman v. Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968) ; D.V. v. State, 100 Wis. 2d 363, 302 N.W.2d 64 (Ct. App. 1981) ).
¶ 64 The majority opinion tells us that we are not to worry about limitless criminal liability for acts committed while children because there are "safeguards" built into the system. See majority op., ¶ 53. Specifically, in the majority's view, statutes of limitations, mens rea elements, and the rules regarding inappropriate filing delays serve as a buffer to inappropriate charges being filed against an adult for conduct committed as a child. Id.
¶ 65 Using an illogical progression, the majority reaches its conclusion. Essentially, if A (JIPS) to B (juvenile court) is permissible[2] , and B to C (adult court) is permissible[3] , then why should A to C not be permissible? But the majority's logic does not hold.
II
¶ 66 The majority would have us believe that the legislature intended to provide for adult criminal liability for an act committed between the ages of zero and ten. See majority op., ¶ 8 n.7 ("Whether the illegal conduct began when Sanders was eight or nine is irrelevant because, in either event, he was less than *554 ten years old and thus would have been subject to a JIPS proceeding at that time."). The purpose and structure of our statutes, as well as the rationale of prior case law, say otherwise.
¶ 67 The majority's logic in allowing the jump from JIPS court to adult court does not hold because it is out of step with the purpose of the laws governing children's liability, the structure of the JIPS law, and the rationale employed in D.V. Accordingly, I address each in turn and determine that the majority's result is not what the legislature intended.
¶ 68 First, the majority's logic does not hold because it is out of step with the purpose of the laws governing children's liability. "The law has historically reflected ... that children characteristically lack the capacity to exercise mature judgment and possess only an incomplete ability to understand the world around them." J.D.B. v. North Carolina, 564 U.S. 261, 273, 131 S.Ct. 2394, 180 L.Ed.2d 310 (2011).
¶ 69 Trends in jurisprudence are increasingly recognizing that children must be treated differently. "Juveniles are more capable of change than are adults, and their actions are less likely to be evidence *33 of 'irretrievably depraved character' than are actions of adults." Graham v. Florida, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Parts of the brain involved in behavior control continue to mature throughout adolescence. Id. The differences between the child and adult minds make children less morally culpable. Miller v. Alabama, 567 U.S. 460, 472, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
¶ 70 Our statutory schemes governing civil and criminal liability for children reflect these concerns. As an initial point of comparison, the legislature has definitively spoken that there is an age at which a child does not have the capacity to act negligently, and that *555 age is seven. See Wis. Stat. § 891.44.[4] Yet in the majority's view, a person can be held criminally liable even after reaching adulthood for an act committed at that same age. It is absurd that a child can be ascribed criminal intent at an age where that same child is "conclusively presumed" to be incapable of negligence.
¶ 71 As to criminal liability, the statutes evince a similar underlying policy. From their inception, our laws addressing juvenile conduct were "not designed as a method of punishment for crimes committed by juveniles." In re Alley, 174 Wis. 85, 91, 182 N.W.2d 360 (1921). Rather, "[e]very section and paragraph of the statute is permeated with the benevolent purpose of improving the child's condition, and not with punishing his past conduct. The whole object and purpose of this law will be defeated if it is construed and applied as a punitive statute." Id. at 91-92, 182 N.W. 360.
¶ 72 Second, the majority's logic does not hold because there is no statutory procedure for bringing what would be a JIPS case to juvenile court, much less to adult court. This stands in stark contrast to the clearly delineated statutory process for moving cases between juvenile court and adult court. See Wis. Stat. §§ 970.032, 938.18. Pursuant to § 938.18, either the district attorney or a juvenile may petition to waive juvenile court jurisdiction and have a criminal matter against a juvenile 14 or older who committed certain crimes be heard in adult court. § 938.18(1) and (2).[5] Likewise, pursuant to § 970.032, an adult court can send a case to juvenile court if certain criteria are *556 fulfilled.[6] No *34 analogous process exists for moving a case from JIPS court to either juvenile court or adult court. *557 ¶ 73 Finally, the majority's logic does not hold because it is inconsistent with the reasoning of D.V., despite its heavy reliance on the case. In D.V., 100 Wis. 2d 363, 302 N.W.2d 64, the court of appeals approved the charging in juvenile court of an offense committed at the age of 11[7] based on the juvenile's age at the time of charging rather than the time of commission. The court's analysis was driven, however, by the similarities in the possible dispositions offered by the two statutory schemes at issue. See D.V., 100 Wis. 2d at 368-70, 302 N.W.2d 64.
¶ 74 The D.V. court specified that its conclusion was supported by the contention that "the differences between adult criminal prosecutions and juvenile delinquency proceedings are much more substantial than differences between a juvenile delinquency proceeding and a juvenile proceeding affecting a child alleged to be in need of protection or services which can be ordered by the juvenile court." Id. at 368, 302 N.W.2d 64. Following the D.V. court's lead, a comparison between the available dispositions had this case been charged as a JIPS matter and the range of punishment for adult criminal charges is instructive.
¶ 75 As relevant here, Sanders was charged in count one with repeated sexual assault of a child as a class B felony. Conviction of a class B felony subjects an adult to up to 60 years of imprisonment, with up to 40 years of that time being initial confinement. Wis. Stat. § 939.50(2)(b) ; § 973.01(2)(b)1. Further, an adult convicted of this offense is subject to mandatory sex offender registration. See § 301.45.
*558 ¶ 76 In contrast, if the same conduct was addressed in JIPS court, there would be no "sentence," but only a "disposition." See Wis. Stat. §§ 938.34, 345. These dispositions are oriented toward treatment rather than punishment. See In Interest of Reginald D., 193 Wis. 2d 299, 311-12, 533 N.W.2d 181 (1995).
¶ 77 In fact, a juvenile adjudged in need of protection or services may not be placed in "the serious juvenile offender program juvenile correctional facility or a secured residential care center for children and youth" or in a "juvenile detention facility or juvenile portion of a county jail or in nonsecure custody under s. 938.34(3)(f)." Wis. Stat. § 938.345(1). Further, sex offender registration of a juvenile is discretionary with the circuit court, rather than mandatory. See § 938.345(3). The dispositions available pursuant to a JIPS order are a far cry from 40 years in prison followed by 20 years of extended supervision and mandatory sex offender registration.
¶ 78 A delay in charging thus has the possibility to vastly increase the punishment *35 for the same conduct. Why should one be subject to a 60 year sentence rather than a treatment-oriented disposition because more time has passed since the crime?
¶ 79 And what of the majority's "safeguards?" See majority op., ¶ 53. Do statutes of limitations, mens rea elements, and the rules regarding inappropriate filing delays prevent the filing of inappropriate charges against an adult for conduct committed as a child? Id. These "safeguards" are little comfort to Sanders. They did nothing to protect him from being charged and tried, even if he was ultimately acquitted of the charge related to his conduct as an eight or nine-year-old child.
¶ 80 I question whether an eight or nine-year-old child has the capacity to commit an offense of *559 sexual assault. Specifically, I question that an eight or nine-year-old can form the necessary intent for conviction of the sexual assault offense charged in this case: "for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." See Wis. Stat. § 948.01(5) (2003-04). But I have no doubt whatsoever that the majority gets it wrong when it concludes that the conduct of children aged zero-ten may later be subject to criminal prosecution.
¶ 81 Finally, the majority rests its conclusion in part on legislative acquiescence. See majority op., ¶ 52. We have stated in the past that legislative acquiescence is a "weak reed upon which to lean." State v. Hansen, 2001 WI 53, ¶ 38, 243 Wis. 2d 328, 627 N.W.2d 195 ; Green Bay Packaging, Inc. v. DILHR, 72 Wis. 2d 26, 36, 240 N.W.2d 422 (1976). It is even weaker when the case law to which the legislature has supposedly acquiesced does not stand for the proposition the majority ascribes to it.
¶ 82 I urge the legislature to provide increased clarity by reexamining this area of the law. The purpose and statutory scheme indicate that the legislature did not intend the majority's result. The legislature should act to show its true intention, lest its silence be deemed acquiescence with the majority's untenable assertion of legislative intent.
¶ 83 For the foregoing reasons, I respectfully concur.
¶ 84 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.

See Wis. Stat. § 891.44.

See D.V. v. State, 100 Wis. 2d 363, 302 N.W.2d 64 (Ct. App. 1981).

See State v. Annala, 168 Wis. 2d 453, 484 N.W.2d 138 (1992) ; State ex rel. Koopman v. Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968).

Wis. Stat. § 891.44 provides: "It shall be conclusively presumed that an infant minor who has not reached the age of 7 shall be incapable of being guilty of contributory negligence or of any negligence whatsoever."

Wis. Stat. § 938.18 provides, in relevant part:
(1) Waiver of juvenile court jurisdiction; conditions for. Subject to s. 938.183, a petition requesting the court to waive its jurisdiction under this chapter may be filed if the juvenile meets any of the following conditions:
(a) The juvenile is alleged to have violated s. 940.03, 940.06, 940.225(1) or (2), 940.305, 940.3 1, 943.10(2), 943.32(2), 943.87 or 961. 41(1) on or after the juvenile's 14th birthday.
(b) The juvenile is alleged to have committed a violation on or after the juvenile's 14th birthday at the request of or for the benefit of a criminal gang, as defined in s. 939.22(9), that would constitute a felony under chs. 939 to 948 or 961 if committed by an adult.
(c) The juvenile is alleged to have violated any state criminal law on or after the juvenile's 15th birthday.

Wis. Stat. § 970.032 provides:
(2) If the court finds probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938. The court shall retain jurisdiction unless the juvenile proves by a preponderance of the evidence all of the following:
(a) That, if convicted, the juvenile could not receive adequate treatment in the criminal justice system.
(b) That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.
(c) That retaining jurisdiction is not necessary to deter the juvenile or other juveniles from committing the violation of which the juvenile is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), whichever is applicable.

At the time D.V. was decided, a child "[w]ho, being under 12 years of age, has committed a delinquent act" was considered to be a child alleged to be in need of protection or services, or CHIPS. Wis. Stat. § 48.13(12) (1981-82). The current JIPS statute places the dividing line at ten years of age rather than twelve. § 938.13(12).