Ronald M. BENDLER, Petitioner,

v.

Donald PERCY et al., Respondent.

No. 79–C–316.

United States District Court,
E. D. Wisconsin.

Dec. 14, 1979.

814

Allan F. Glasschroeder, Milwaukee, Wis., for petitioner.

Bronson C. La Follette, Wis. Atty. Gen. by Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the petition of Ronald M. Bendler for a writ of habeas corpus. For reasons which follow, this petition will be denied.

On September 12, 1977, an officer of the Milwaukee Police Department commenced an undercover investigation regarding drug use in the Milwaukee area. The investigation terminated on March 1, 1979, when numerous criminal complaints were filed as a result of the undercover investigation.

Adult criminal charges were filed against the petitioner on March 1, 1979, charging him with two counts of delivery of marijuana on February 2, 1978, and February 8, 1978. Mr. Bendler was born on January 2, 1961, so that he was seventeen years old on the dates he allegedly committed the offenses with which he was charged and eighteen on the date when he was actually charged.

In determining which offenders are to be dealt with by its juvenile justice system and which by its judicial system for adults, Wisconsin has created an arrangement of classifications based on the age of the offender. Those who commit criminal acts before reaching their sixteenth birthday, and who are less than eighteen years of age at the time a prosecution is commenced, are dealt with by the juvenile system. *See* § 48, Wis.Stats. and *State ex rel. Koopman v. Waukesha County Court Judges*, 38 Wis.2d 492, 157 N.W.2d 623 (1968). Those who commit criminal acts on or after their sixteenth birthday, but who are still less than eighteen years of age at the time a prosecution is commenced, are initially within the jurisdiction of the juvenile system. *Id.* Juvenile jurisdiction may be waived, however, for offenders in this group if, after a hearing and consideration of a number of statutorily enumerated criteria, the juvenile court determines that continuation of juvenile jurisdiction would be contrary to the best interests of the offender or the public. § 48.18, Wis.Stats. Finally, those who commit criminal acts before becoming eighteen, but who are eighteen or over at the time a prosecution is commenced, are dealt with from the start by the adult criminal system. *State ex rel. Koopman v. Waukesha County Court Judges*, 38 Wis.2d at 498–99, 157 N.W.2d 623.

Under Wisconsin law, a person charged after his eighteenth birthday with offenses which allegedly took place prior to his eighteenth birthday is entitled to a hearing to determine whether the delay in charging was a result of "a deliberate effort to avoid juvenile court jurisdiction," *State v. Becker*, 74 Wis.2d 675, 677, 247 N.W.2d 495, 496 (1976), or whether "the prosecutor acted with due dispatch after the investigation was concluded," *State v. Avery*, 80 Wis.2d 305, 311, 259 N.W.2d 63, 65 (1977). This hearing is to be held before the adult criminal court. If the court concludes that there has been a deliberate attempt to avoid juvenile jurisdiction or that the prosecutor negligently failed to bring charges in timely fashion, the offender is entitled to a retroactive hearing on the issue of whether juvenile jurisdiction should be waived. *Miller v. Quatsoe*, 348 F.Supp. 764 (E.D.Wis.1972).

In the instant case, Mr. Bendler was eighteen years old when the charges were against him were filed on March 1, 1979, and thus such charges were filed in adult

criminal court. Pursuant to the procedure outlined above, the petitioner was afforded a hearing, with counsel, in the criminal court to determine whether the timing of the charges against him was manipulated in order to avoid juvenile jurisdiction.

At the conclusion of Mr. Bendler's hearing, the state trial court found that the police officer who was the complainant against the petitioner was acting in an undercover capacity continuously from September 1977 to March 1979. The court also found that during the course of the investigation the officer contacted approximately 157 persons involved in over 300 deliveries of drugs. Furthermore, the court found that had Mr. Bendler been charged prior to March 1, 1979, the ongoing undercover investigation as well as the safety of the officer, would have been jeopardized. Accordingly, the court concluded that the delay in charging the petitioner was "for a lawful investigative and prosecutorial purpose" and that "there was no manipulation of the system as far as this defendant was concerned."

Mr. Bendler's petition for a writ of habeas corpus is founded on his contention that any person charged for an offense committed while under the age of eighteen is constitutionally entitled to juvenile jurisdiction unless such jurisdiction is waived after a hearing. The petitioner's contention in effect challenges Wisconsin law insofar as it looks to the date a person is charged rather than the date the alleged offense took place in determining whether adult or juvenile jurisdiction is applicable.

■ Analysis of the petitioner's contention starts with the proposition that a person who commits a criminal act before reaching some particular age has no constitutional right to be treated differently from other offenders. *Stokes v. Fair*, 581 F.2d 287, 289 (1st Cir. 1978), cert. denied, 439 U.S. 1078, 99 S.Ct. 858, 59 L.Ed.2d 47 (1979); *Woodard v. Wainwright*, 556 F.2d 781, 785 (5th Cir. 1977), cert. denied, 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978); *United States v. Rombom*, 421 F.Supp. 1295, 1300 (S.D.N.Y.1976). It fol-

lows that the extent of a juvenile's right to the jurisdiction of a state juvenile court system is defined by the state legislature. *Woodard v. Wainwright*, 556 F.2d at 785. The legislature may restrict or qualify that right as it sees fit, so long as no arbitrary or discriminatory classification is involved. *Id.*; *United States v. Bland*, 153 U.S.App. D.C. 254, 258–59, 472 F.2d 1329, 1333–34 (D.C.Cir. 1972), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973).

The classification system set up by the Wisconsin legislature as interpreted by the Wisconsin supreme court is neither discriminatory nor irrational. Rational arguments can be made on both sides of the question whether a person's age at the time of an offense or at the time charges are filed should determine whether juvenile jurisdiction is applicable. In support of the former proposition, one can argue that one who has committed a crime as a child should be punished as a child. However, it is also rational to argue that an offender who is an adult should not be given a child's punishment.

The state of Wisconsin relies on the latter argument to support its classification system. *See State ex rel. Koopman v. Waukesha County Court Judges*, 38 Wis.2d 492, 498, 157 N.W.2d 623 (1968). A number of other states have adopted the same sort of classification system. *See* Annot. 89 A.L. R.2d 506 for a discussion of classification systems in different states. For example, under Texas law, the age of the accused at the time of trial, and not at the time of the commission of the act or at the time of indictment, is the *controlling factor insofar as the respective jurisdictions of the juvenile and adult criminal courts are concerned.* This classification system has withstood constitutional challenges in at least two cases. *Whitaker v. Estelle*, 509 F.2d 194, 197 (5th Cir. 1975); *Broadway v. Beto*, 338 F.Supp. 827 (N.D.Tex.1971), aff'd, 459 F.2d 483 (5th Cir.), cert. denied 409 U.S. 1012, 93 S.Ct. 454, 34 L.Ed.2d 307 (1972).

■ I find Wisconsin law to be constitutional insofar as it provides that the age of the accused at the time charges are filed

is the controlling factor in determining whether juvenile jurisdiction is applicable. I also find no constitutional infirmity in the fact that where a person is charged after his eighteenth birthday for offenses allegedly committed before his eighteenth birthday the hearing regarding the delay in the charges is held by the adult criminal court. Furthermore, I find no error in the state court's conclusion that the delay in filing the charges against Mr. Bendler was not a result of a deliberate effort to avoid juvenile jurisdiction or otherwise a result of prosecutorial negligence.

Therefore, IT IS ORDERED that the petition of Ronald Bendler for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.