STATE of Wisconsin, Plaintiff-Respondent,

v.

Terrance MONTGOMERY, Defendant-Appellant.†

Court of Appeals

*No. 87–0491–CR. Submitted on briefs October 6, 1987—Decided December 23, 1987.*

(Also reported in 419 N.W.2d 316.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Paul C. Merkle, Jr.*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. Terrance Montgomery appeals from an order denying his motion to dismiss a criminal proceeding. He argues that the state's failure to initiate proceedings for an offense he allegedly committed while a juvenile until after he turned eighteen was due to negligence or to a manipulative intent to avoid juvenile court jurisdiction.

We conclude that we erred when we previously remanded this case for a hearing. Since the parties had stipulated that the delay in prosecution was due to prosecutorial negligence and the trial court accepted the stipulation, no hearing was necessary. We conclude that Montgomery has a constitutional right to be heard on the issue of waiver of juvenile court jurisdiction over him but that neither the adult criminal court nor the juvenile court now has jurisdiction to hold such a hearing. We therefore reverse and remand with directions to grant Montgomery's motion to dismiss.

I.

On October 29 and 30, 1983, Montgomery, another juvenile and two adult males allegedly sexually

assaulted, falsely imprisoned and kidnapped T.W. T.W. reported the incident on December 1, 1983, at which time she named Montgomery as one of her assailants. The other three males were arrested on December 7, 1983. The other juvenile was waived into adult criminal court.

Montgomery became eighteen years of age on December 21, 1983. He was not arrested until January 3, 1984. He moved to dismiss the action on the ground that the state negligently failed to act with due dispatch to commence the action in juvenile court, or delayed the prosecution intentionally to avoid the juvenile justice system.

The court found that the state had not consciously delayed prosecution to avoid juvenile court jurisdiction. After this finding was made, the state stipulated that the delay in prosecution was the result of prosecutorial negligence. The court accepted the stipulation.[1]

On Montgomery's first appeal, we reversed and remanded for a hearing, holding that the trial court should have determined whether the state had acted with due dispatch in bringing charges. On remand, the court correctly refused to be bound by the earlier

---

[1]At the initial hearing the following exchange occurred:

MR. MERKLE: Your Honor, I would only ask one last thing and that's the Court consider as a finding of fact that the failure of the State to prosecute Terrance Montgomery prior to the time he turned 18 was a result of prosecutorial negligence?

MISS BUKER: I would agree that it was.

COURT: Well, you have a stipulation there.

MR. MERKLE: Thank you, your Honor.

COURT: I think the stipulations are the facts, counsel.

MR. MERKLE: Yes, your Honor.

COURT: I did it on the basis of your stipulated facts. You have got the stipulation.

stipulation of negligence since we had ordered that a hearing be held. It concluded that there was no manipulative intent to delay prosecution, no negligent failure to bring the charge promptly, and the state had acted with reasonable dispatch. It denied the motion to dismiss. We granted Montgomery's petition for leave to appeal from this nonfinal order.

## II.

The first issue is whether a showing of prosecutorial negligence requires dismissal of the charges. *State v. Becker,* 74 Wis. 2d 675, 677, 247 N.W.2d 495, 496 (1976), held that before an adult could be tried for an offense committed before he or she became eighteen years of age, if no juvenile proceedings had been instituted, the state was required to show at a "due-process hearing" before the adult criminal court that the prosecution was not manipulatively delayed to avoid the juvenile justice system. In *State v. Avery,* 80 Wis. 2d 305, 259 N.W.2d 63 (1977), a defendant was arrested on her eighteenth birthday for an offense which was allegedly committed while she was seventeen. The state relied on *Becker* in arguing that there had been no intentional delay in charging the defendant. *Avery* at 309, 259 N.W.2d at 65.

The *Avery* court stated:

> If the state, without prejudice to its investigation, could have commenced proceedings in this case earlier than March 11, it may well be that the defendant was prejudiced by the state's failure to do so. *Even if there was no manipulative intent, a negligent failure to bring the charge promptly would have deprived the defendant of her opportunity to oppose a waiver of juvenile jurisdiction.* Therefore, this case must be remanded with direc-

tions to hold an evidentiary due-process hearing for the purpose of determining whether, in bringing the charge against the defendant, the prosecutor acted with due dispatch after the investigation was concluded.

*Avery,* 80 Wis. 2d at 310–11, 259 N.W.2d at 65 (emphasis added).

■
We held *In Matter of D.V.,* 100 Wis. 2d 363, 368, 302 N.W.2d 64, 66–67 (Ct. App. 1981), "[o]ur supreme court in *State v. Avery, [supra],* expanded the requirement of such a due process hearing to a negligent failure of the prosecutor to promptly bring the criminal charge even if there was no manipulative intent to avoid juvenile court jurisdiction." *Bendler v. Percy,* 481 F. Supp. 813, 814 (E.D. Wis. 1979), has interpreted *Avery* similarly. We conclude that under *Avery,* a negligent failure to bring a charge promptly which deprives a defendant of the opportunity to oppose a waiver of juvenile jurisdiction warrants dismissal of criminal charges in adult court. Regardless of our opinion of the correctness of *Avery,* we are bound by supreme court precedent. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984).

### III.

■
We erred in remanding for a hearing in the first appeal. The state is bound by its stipulation that its failure to prosecute Montgomery before he became eighteen was the result of prosecutorial negligence. The stipulation was made in court, recorded by the reporter and approved by the judge. Secs. 807.05, 972.11(1), Stats. We may reconsider our prior ruling in

711

a case where "'cogent, substantial, and proper reasons exist. [I]t is within the power of the courts to disregard the rule of 'law of the case' in the interests of justice.'" *State v. Brady*, 130 Wis. 2d 443, 447, 388 N.W.2d. 151, 153 (1986), *quoting McGovern v. Eckhart*, 200 Wis. 64, 75, 78, 227 N.W. 300, 304, 305 (1929). We conclude that it would be manifestly unfair to ignore the stipulation now because we erred in our earlier decision by failing to recognize that the stipulation was dispositive. We therefore give effect to the stipulation that there was prosecutorial negligence, rather than to the trial court's conclusion that there was not. In doing so, however, we emphasize that the trial court did not err in holding a hearing since that is what we ordered, albeit erroneously.

## IV.

The state argues that dismissal is unwarranted unless Montgomery can establish that the delay caused actual prejudice. It argues that Montgomery was not prejudiced by the delay since the record shows he would have been waived into adult court if he had been charged as a juvenile. Alternatively, the state contends we should remand for a finding as to whether Montgomery would have been waived.

### A.

We first consider the state's argument that Montgomery would have been waived into adult court. We note preliminarily that this argument is pure speculation. However, more importantly, Montgomery has a constitutional right to be heard on the issue before he is waived into adult court. "[T]here is no place in our

system of law for reaching a result [waiver of juvenile court jurisdiction] of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons." *Kent v. United States,* 383 U.S. 541, 554 (1966). The Wisconsin Supreme Court has recognized that the waiver hearing is a constitutional requirement. *See Becker,* 74 Wis. 2d at 677, 247 N.W.2d at 496. We therefore conclude that Montgomery had a constitutional right to be heard on the question of waiver as provided in sec. 48.18, Stats.

### B.

We next consider the state's contention that, alternatively, we should remand for a hearing to determine whether Montgomery would have been waived. Neither the adult criminal court nor the juvenile court has jurisdiction to hold such a hearing. Jurisdiction in a criminal court cannot be maintained on a charge brought after the child becomes eighteen where the offense was committed before the child became eighteen, unless it is shown that the delay in charging was not for the purpose of manipulating the system, *Becker,* 74 Wis. 2d at 678, 247 N.W.2d at 497, and not the result of prosecutorial negligence, *Avery,* 80 Wis. 2d at 310–11, 259 N.W.2d at 65. We have concluded that the state is bound by its stipulation that failure to charge Montgomery before he became eighteen was the result of prosecutorial negligence. That failure deprives the adult criminal court of jurisdiction.

Further, jurisdiction to hold a waiver hearing is vested in the juvenile court, not the criminal court. Sec. 48.18, Stats. The juvenile court has jurisdiction

only over children under the age of eighteen. Secs. 48.12 and 48.02(2); *State ex rel. Koopman v. Waukesha Co. Ct. Judges,* 38 Wis. 2d 492, 499, 157 N.W.2d 623, 627 (1968).

If a petition alleging Montgomery's delinquency had been filed with the juvenile court before he reached eighteen, the court would have retained jurisdiction over Montgomery after he became eighteen to dismiss the action with prejudice, to waive its jurisdiction under sec. 48.18, Stats., or to enter into a consent decrees. Sec. 48.12(2). We cannot by judicial construction extend the juvenile court's jurisdiction to include a child whose offense is committed before age eighteen but who is not charged until after age eighteen because the delay in prosecution is manipulative or negligent.

We recognize that Wisconsin law has been construed as permitting a retroactive hearing on the issue of whether juvenile jurisdiction should be waived, after there is a finding of prosecutorial manipulation or negligence. *Miller v. Quatsoe,* 348 F. Supp. 764 (E.D. Wis. 1972). *See also Bendler,* 481 F. Supp. at 814 (relying on *Miller*). However, *Miller* was decided before sec. 48.18, Stats., was repealed and recreated to require a waiver hearing before the juvenile court. *See* sec. 31, ch. 354, Laws of 1977. *Miller* recognized that state law permitted state administrative officials to make a determination that a juvenile offender should be treated as an adult without a hearing. *Id.* 348 F. Supp. at 765. The *Miller* court's concern was not with questions of jurisdiction, but with ensuring that the juvenile would get a due process hearing before he or she was tried as an adult when the filing of the complaint was delayed to avoid juvenile court jurisdiction. *Id.* at 766. The legislature resolved the issue of

jurisdiction by vesting in the juvenile court exclusive authority to waive its jurisdiction, but only over a person brought before it who is less than eighteen years of age.

*By the Court.*—Order reversed and cause remanded with directions to dismiss the action.