STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Terrance MONTGOMERY, Defendant-Appellant.

Supreme Court

*No. 87–0491–CR. Argued November 3, 1988.—Decided March 1, 1989.*

(Also reported in 436 N.W.2d 303.)

For the plaintiff-respondent-petitioner the cause was argued by *Michael Klos,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Paul C. Merkle, Jr.,* assistant state public defender.

DAY, J. This is a review of a court of appeals' decision, *State v. Montgomery,* 142 Wis. 2d 707, 419 N.W.2d 316 (Ct. App. 1987), which reversed an order of the circuit court for Rock county, Honorable Edwin C. Dahlberg, judge. The decision directed the circuit court to grant Defendant's, Terrance Montgomery's, (Montgomery) motion to dismiss the criminal complaint charging him with sexual assault, kidnapping, and false imprisonment, committed while he was a juvenile. This is the second time Montgomery's motion to dismiss was before the court of appeals. After being charged in adult criminal court, Montgomery had moved the court to dismiss the complaint on the theory that the State of Wisconsin (State) intentionally or negligently failed to commence the action in juvenile court before Montgomery turned eighteen years of age. The circuit court denied Montgomery's request. The court of appeals in the first appeal issued an unpublished order, *State v. Montgomery,* (No. 84–297–CR–LV) (Ct. App., March

15, 1984), which remanded the case for an evidentiary due-process hearing to determine whether the prosecution of Montgomery had been done with "due dispatch." At the evidentiary hearing, the circuit court held the State had not intentionally nor negligently failed to charge Montgomery. Montgomery appealed this second decision. In the second appeal, the court of appeals held that "a negligent failure to bring a charge promptly which deprives a defendant of the opportunity to oppose a waiver of juvenile jurisdiction warrants dismissal of criminal charges in adult court." *Montgomery,* 142 Wis. 2d at 711. The court of appeals reversed the circuit court's order denying dismissal and remanded the case with directions to grant Montgomery's motion to dismiss.

The question on review is: Does prosecutorial negligence, by itself, constitute a due-process violation requiring dismissal of the action if the negligence results in a defendant failing to receive a waiver hearing in juvenile court?

We conclude that only an intentional delay by the State to avoid juvenile jurisdiction constitutes a due-process violation which requires a dismissal of the criminal complaint in adult court. Because the circuit court found there was no intentional delay, we reverse the decision of the court of appeals.

The complaint alleged in part as follows: T.W. was sexually assaulted, falsely imprisoned, and kidnapped by Montgomery and three other males, on October 29 and 30, 1983. T.W. was at the house of one of the assailants on October 29, 1983. She was taken upstairs to a bedroom where one of the males told her all four of them were going to have sexual intercourse with her. She tried to escape through the bedroom door but she was pushed back into the bedroom. There the males

held her on the bed and all four males took turns having sexual intercourse with her.

The complaint further alleges that after the assault, the four males offered to drive T.W. home. With Montgomery driving the automobile, they took her to a park and sexually assaulted her again. The males once again had sexual intercourse with her and Montgomery demanded T.W. perform oral sex on him before he would let her out of the car or drive her home. T.W. never consented to any of the above described activities.

T.W. reported the incident to the police on December 1, 1983, and the police investigated the matter. It was later stipulated that during the investigation the police knew Montgomery was seventeen years of age. There is no evidence that they knew his birth date was December 21, but records were "available" by which they could have discovered his birth date.

The case was referred to the District Attorney's office by December 7, 1983. On December 7, 1983, the three other alleged assailants, two adults and a juvenile, were arrested for the offense and that juvenile was later waived into adult criminal court.

On December 21, 1983, Montgomery became eighteen years of age. Subsequently he was arrested on January 3, 1984, and a criminal complaint was filed against him on January 4, 1984, in adult court.

Montgomery's counsel moved to dismiss the action on the theory that the adult criminal court lacked personal and subject matter jurisdiction. Montgomery alleged the State had negligently or intentionally delayed prosecution to avoid the juvenile justice system. Violations of equal protection and due-process were claimed.

The circuit court denied Montgomery's motion and found "there was not a conscious effort on the part of

the State to avoid juvenile court jurisdiction." As a result of a stipulation by the State, however, the circuit court also found that the delay was a result of prosecutorial negligence. The stipulation was as follows:

> ASSISTANT PUBLIC DEFENDER MERKLE: Yes, your Honor. Your Honor, I would only ask one last thing and that's the Court consider as a finding of fact that the failure of the State to prosecute Terrance Montgomery prior to the time he turned 18 was a result of prosecutorial negligence?
>
> ASSISTANT DISTRICT ATTORNEY BUKER: I would agree that it was.
>
> COURT: Well, you have a stipulation there.
>
> ASSISTANT PUBLIC DEFENDER MERKLE: Thank you, your Honor.
>
> COURT: I think the stipulations are the facts, counsel.
>
> ASSISTANT PUBLIC DEFENDER MERKLE: Yes, your Honor.
>
> COURT: I did it on the basis of your stipulated facts. You have got the stipulation.

Record at 14:13.

Montgomery thereafter took his first appeal. The court of appeals reversed the circuit court. In its unpublished order, the court of appeals held that Montgomery may have been prejudiced by the failure to have a waiver of juvenile jurisdiction hearing. The court remanded the case for an evidentiary due-process hearing to determine whether the State had with "due dispatch" charged Montgomery.

An evidentiary due-process hearing was then held in the circuit court. Judge Dahlberg issued an oral

decision at the end of the testimony of this second hearing. The circuit court found the State had not intentionally or negligently failed to apprehend or prosecute Montgomery. The circuit court, therefore, at a later date, issued a second order denying Montgomery's motion to dismiss.[1] The circuit court made its ruling based only on evidence presented at the due-process hearing. The State's stipulation of prosecutorial negligence from the first hearing was not considered by the circuit court pursuant to the court of appeals' directions to hold a new hearing. *Montgomery,* 142 Wis. 2d at 709–10.

Montgomery appealed this second order by the circuit court. In a published opinion in the second appeal, *State v. Montgomery,* 142 Wis. 2d at 707, the court of appeals reversed the circuit court's order and remanded the case with directions to dismiss the action. The court of appeals noted that the circuit court "correctly refused to be bound by the earlier stipulation of negligence since [the court of appeals] had ordered that a hearing be held." *Id.* 142 Wis. 2d at 709–10. It ruled, however, that it had erred in remanding the case after the first appeal for a due-process hearing. The court of appeals held that the State was bound by the stipulation of prosecutorial negligence it made in the first hearing, and that under *State v. Avery,* 80 Wis. 2d 305, 259 N.W.2d 63 (1977), prosecutorial negligence was enough to require dismissal of the criminal charges in adult court. The State petitioned this court for review which was granted.

---

[1]The circuit court issued its decision from the bench on June 29, 1984. It did not, however, sign the order dismissing Montgomery's motion until March 11, 1987. The reason for the delay is unknown and presents no issue in this case.

The primary issue according to the State[2] is: "[d]id this court in *State v. Avery,* 80 Wis. 2d 305, 259 N.W.2d 63 (1977), expand the due-process analysis first adopted in *State v. Becker,* 74 Wis. 2d 675, 247 N.W.2d 495 (1976), so that a negligent failure by the prosecutor to promptly bring a criminal charge may require dismissal even if there was no manipulative intent to avoid juvenile court jurisdiction?"

In *State v. Becker,* 74 Wis. 2d 675, 247 N.W. 495 (1976), this court held that "jurisdiction in a criminal court cannot be maintained on a charge brought after the child becomes eighteen, unless it is affirmatively shown that the delay was not for the purpose of manipulating the system to avoid juvenile court jurisdiction." *Becker,* 74 Wis. 2d at 678. In the case now before this court, the circuit court held that the State had shown that "the delay in prosecution was [not] done because of a manipulative intent on either the part of the Police Department or the District Attorney's Office."

Measures taken by the police department to apprehend Montgomery and by the State in bringing charges were found to be reasonable by the circuit court at the due-process hearing. The police notified its officers that Montgomery was wanted for first-degree sexual assault. The school liaison officer at Montgomery's school was notified that Montgomery was a criminal suspect. The officer requested, at various times, some of Montgomery's teachers to notify him if Montgomery was in class.

---

[2]Montgomery's counsel phrases the issue as:

The supreme court in *State v. Avery* did expand the due-process analysis of *State v. Becker,* to conclude that a negligent failure to promptly prosecute required dismissal when the defendant is denied an opportunity to oppose waiver.

The teachers informed the officer that Montgomery was not in class. There is conflicting testimony as to whether the police attempted to contact Montgomery at home. Although the circuit court stated that more could have been done by the State in apprehending and prosecuting Montgomery, it found that the State was not negligent, much less intentionally manipulative, in failing to apprehend or prosecute Montgomery before his eighteenth birthday.

The court of appeals agreed with Montgomery's counsel that this court's decision in *Avery* stands for the proposition that prosecutorial negligence is enough to sustain a due-process violation requiring dismissal of criminal charges filed in adult court. In *Avery,* this court examined the question of whether a defendant could be "recharged as an adult, after a first criminal complaint charging an adult offense [had] been dismissed because the defendant was under 18 when the first complaint was filed." *Avery,* 80 Wis. 2d at 307.

The defendant in *Avery* had been charged with drug violations in a criminal complaint filed in adult court. At the time the first complaint was filed, Avery was seventeen years of age. However, between the time of the filing and the time of her arrest, she turned eighteen. She moved to dismiss the criminal complaint for lack of subject matter jurisdiction because she was under eighteen at the time it was filed. Her motion was granted and the complaint dismissed.

The District Attorney in *Avery* then refiled the charges in adult court on the same day Avery's motion was granted dismissing the first complaint. Avery then moved to have this second criminal complaint dismissed on the theory that the allegations contained within it were still subject to the juvenile court's jurisdiction. The circuit court agreed and granted her

motion. The matter came before this court on a writ of error.

In analyzing the question in *Avery,* this court relied on *Becker.* This court held "it is the date of commencing the action rather than the date of the alleged criminal act which determines whether there is juvenile jurisdiction." *Id.,* 80 Wis. 2d at 310. Since *Avery* was eighteen at the time the second criminal complaint was filed, the juvenile court no longer had jurisdiction over the matter.

This court further held that "a child who has committed an offense while under the age of eighteen can only be charged in an adult criminal court when it is determined after a hearing that prosecution was initiated with due dispatch." *Id.* The case was remanded "with directions to hold an evidentiary due-process hearing for the purpose of determining whether, in bringing the charge against the defendant, the prosecutor acted with due dispatch after the investigation." *Id.,* 80 Wis. 2d at 311. "Due dispatch" had been used earlier in *Avery* when describing the holdings of two previous cases; *Becker* and *Miller v. Quatsoe,* 348 F. Supp. 764 (E.D. Wis. 1972).

As noted above, *Becker* dealt with a question of whether the State manipulated the system to avoid juvenile jurisdiction. In *Miller* the defendant was held in jail and the juvenile authorities "decided to defer prosecution for a few weeks until [defendant's] eighteenth birthday so that he could be charged in adult court without a juvenile waiver proceeding." *Miller,* 348 F. Supp. at 765. The *Miller* court held that "when the filing of the complaint determines juvenile court jurisdiction, then this filing cannot be delayed *in order to avoid juvenile court jurisdiction* unless the juvenile is granted a hearing with the necessary constitutional

safeguards." *Id.,* 348 F. Supp. at 766. (Emphasis in original.) The requirements established in *Miller* were adopted by this court in *Becker. Becker,* 74 Wis. 2d at 679. Both *Becker* and *Miller* focused on an intentional manipulation of the system to avoid juvenile jurisdiction. This was summarized by this court in *Avery* as "due dispatch." *Avery,* 80 Wis. 2d at 310. Therefore, the hearing required in *Avery* was a hearing to determine whether there was an intentional delay by the prosecution to avoid the juvenile court's jurisdiction.

This court's statement in *Avery*: "[e]ven if there was no manipulative intent, a negligent failure to bring the charge promptly would have deprived the defendant of her opportunity to oppose a waiver of juvenile jurisdiction," *Id.* 80 Wis. 2d at 310–11, has been interpreted by some as expanding "the requirement of such a due-process hearing to a negligent failure of the prosecutor to promptly bring the criminal charge even if there was no manipulative intent to avoid juvenile court jurisdiction." *In Matter of D.V.,* 100 Wis. 2d 363, 368, 302 N.W.2d 64 (Ct. App. 1981).[3]

---

[3]Montgomery cites four cases in which *Avery* has been used as precedent. *Bendler v. Percy,* 481 F. Supp. 813 (E.D. Wis. 1979); *In Matter of D.V.,* 100 Wis. 2d 363, 302 N.W.2d 64 (Ct. App. 1981), *In Interest of TDP,* 109 Wis. 2d 495, 326 N.W.2d 741 (1982), *In Interest of S.N.,* 139 Wis. 2d 270, 407 N.W.2d 562 (1987). We note that in none of these cases did the courts' interpretations of *Avery* affect the final decisions in those matters.

In *Bendler,* the court cited *Avery* for the proposition that the prosecutor must act with due dispatch, *Bendler,* 481 F. Supp. at 814, but found there was no error in a state court's conclusion that there was no prosecutorial negligence. *Bendler,* 481 F. Supp. at 816. As noted above, the court in *In Matter of D.V.,* cited *Avery* for the proposition that a due process hearing included prosecutorial negligence. However, the court held the requirements of *Avery* were not applicable to the case. *In Matter of D.V.,* 100 Wis. 2d at 371.

We hold that to the extent that the above cited sentence in *Avery* may have expanded the requirements of *Becker,* such language in *Avery* is not a correct statement of the law and is withdrawn.

■

We hold that it is not grounds for dismissal of a criminal complaint charging an offense committed by an adult while a juvenile if the State shows there was no manipulative intent.

The State contends that Montgomery must show he was actually prejudiced by the delay before the action can be dismissed. Because we conclude there was no manipulative intent on the part of the State to avoid juvenile jurisdiction, we do not reach this issue. For similar reasons, we do not reach the State's argument that the court of appeals in its second decision should not have considered the stipulation of prosecutorial negligence made at the circuit court's initial hearing.

Finally, Montgomery argues that the circuit court lacks subject matter jurisdiction to hear this matter. He contends only a juvenile court can hold a waiver hearing, and since Montgomery is now eighteen and beyond the juvenile court's personal jurisdiction, no court is permitted to hear this matter.

We disagree. Montgomery has confused a waiver of juvenile jurisdiction hearing with a due-process hearing. Although only a juvenile court may hold a waiver hearing, a due-process hearing is a different procedure for a different purpose.

*Avery* was cited for a proposition unrelated to the issue of whether prosecutorial negligence requires a dismissal of the criminal complaint in *In Interest of TDP,* 109 Wis. 2d 499–500. *In Interest of S.N., Avery* is cited for the premise that it might be illegal to delay the waiver hearing by negligence in order to make waiver more likely. *In Interest of S.N.,* 139 Wis. 2d at 270.

A waiver hearing is to determine whether a juvenile who is subject to the juvenile court system should be transferred to the adult criminal system. Section 48.18, Stats. 1983–84 establishes the criteria for the juvenile court to consider when conducting a juvenile jurisdiction waiver hearing. These factors include the age of the juvenile, the juvenile's prior record, the type and seriousness of the alleged offense, and the desirability of having a trial, among others. Section 48.18(5), Stats. 1982–84.

A due-process evidentiary hearing, however, determines whether jurisdiction in a criminal court can be maintained on a charge brought after the juvenile becomes eighteen. The State has the burden of showing that "the delay was not for the purpose of manipulating the system to avoid juvenile court jurisdiction." *Becker,* 74 Wis. 2d at 678. This hearing is held after the defendant turns eighteen years of age, and is therefore held before the criminal court. This court has stated that the "due-process hearing [is] to be held before the criminal court, not the juvenile court." *Avery,* 80 Wis. 2d at 309. We hold, therefore, the circuit court had jurisdiction to conduct the due-process hearing and render a decision in this case.

Because the circuit court ruled that the delay in prosecuting Montgomery was not due to a manipulative intent on the part of the State to avoid the juvenile court's jurisdiction, the case must be remanded for further proceedings.

*By the Court.*—The court of appeals' decision is reversed and the cause remanded for further proceedings not inconsistent with this opinion.